## PEOPLE v. BANNISTER et al.

### No. 21,014; November 10, 1893.

34 Pac. 710.

**Burglary—Verdict—Degree of Guilt.**—Under Penal Code, section 1157, providing that whenever a crime is distinguished into degrees, the jury, if they convict, must find the degree of which defendant is guilty, the jury are not excused from finding the degree though the indictment was for burglary, of which there are but two degrees, and the court instructed that if the jury found defendants guilty they could find them guilty of no higher offense than burglary in the second degree.[1]

**Criminal Trial—Degree of Crime.**—Where the Verdict Fails to find the degree of the crime of which defendant is guilty, he is not entitled to a discharge, but merely to a new trial.

[1] Cited with approval in McLane v. Territory, 8 Ariz. 155, 71 Pac. 939, where it was held that a verdict of "guilty as charged in the indictment" under an indictment charging grand larceny, which crime the statute distinguished in degrees, was insufficient.

APPEAL from Superior Court, City and County of San Francisco; W. R. Dangerfield, Judge.

Arthur Bannister and Frank Hawley were convicted of burglary, and appeal. Reversed.

W. I. Brobeck and P. A. Bergerot for appellants; Attorney General Hart for the people.

SEARLS, C.—Defendants were informed against and convicted of burglary. The crime consisted of entering a freight car of the Southern Pacific Company with intent to commit larceny. Defendant Bannister was sentenced to one year's imprisonment in the state prison at San Quentin, and defendant Hawley to three years at the state reform school for juvenile offenders at Whittier. The appeal is from the judgment, and the cause comes up on the judgment-roll, there being no bill of exceptions. By their verdict the jury found the defendants "guilty as charged," and recommended them to the mercy of the court. The crime of burglary is by the Penal Code divided into two degrees. Burglary committed in the night-time is burglary of the first degree. Burglary committed in the daytime is burglary of the second degree. The judgments recite that the court, by its instructions before verdict, advised the jury that if they found the defendants guilty, they could not find them guilty of any higher offense than burglary in the second degree. The jury did not, however, by their verdict, specify the degree of burglary of which they found the defendants guilty. This was error. Section 1157 of the Penal Code provides that "whenever a crime is distinguished into degrees, the jury if they convict the defendant must find the degree of the crime of which he is guilty." The reason for a specification of the degree of the crime becomes apparent when we bear in mind that the severity of the punishment depends upon it. This court has so often declared such a verdict to be erroneous that further comment is unnecessary: People v. Lee Yune Chong, 94 Cal. 379, 29 Pac. 776; People v. Ah Gow, 53 Cal. 628; People v. Jefferson, 52 Cal. 452; People v. Travers, 73 Cal. 580, 15 Pac. 293; People v. O'Neil, 78 Cal. 388, 20 Pac. 705; People v. Campbell, 40 Cal. 129; People v. Marquis, 15 Cal. 38.

The defendants were not entitled to be discharged upon the rendition of the faulty verdict, but are entitled to another trial: People v. Travers, supra; People v. Lee Yune Chong, supra.

It is stated in respondent's brief that one Thomas Cornwell was informed against in the same information, and that by mistake his name is omitted from the copy of the information in the printed transcript. We do not find in the minutes of the trial any allusion to him, except that he moved to set aside the verdict. There is no judgment in his case, and he is not included in the notice of appeal. We are not called upon to reverse a judgment, of the very existence of which we have no information, upon an appeal which, so far as we know, has never been taken. If Thomas Cornwell was informed against, tried, found guilty, and sentenced to punishment, it may well be he has elected to satisfy the judgment in preference to taking the chances of another trial, and possibly enhanced punishment, even if error intervened, which we do not presume. His case, if any he has, is not involved in this appeal.

The judgments appealed from in cases of Arthur Bannister and Frank Hawley should be reversed and a new trial ordered.

We concur: Vanclief, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment appealed from is reversed and a new trial ordered.