[Criminal No. 169.   Filed March 20, 1903.]

[71 Pac. 938.]

ALLEN McLANE et al., Defendants and Appellants, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—LARCENY—DEGREES—JURY—VERDICT—MUST SPECIFY DEGREE—REV. STATS. ARIZ. 1901, PEN. CODE, SECS. 443, 444, 445, 972, 974, CONSTRUED.—Section 443, supra, divides larceny into two degrees, and sections 444 and 445, *supra,* define each. Section 972 of the Penal Code, *supra,* provides that "Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty." Section 974, *supra,* provides that "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged or of an attempt to commit the offense." Defendant was tried under an indictment charging him with the crime of grand larceny, in the taking of property in value in excess of fifty dollars. The jury brought in a verdict of "guilty as charged in the indictment." *Held,* that a judgment based on said verdict was unwarranted, as, under statute *supra,* the jury must by their verdict find the degree of the crime, where the crime is divided into degrees.

DAVIS, J., dissenting.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Pinal. F. M. Doan, Judge. Reversed.

The facts are stated in the opinion.

Edwards & McFarland, and W. H. Griffin, for Appellants.

In this case contrary to the imperative requirement of the statute the jury found a general verdict of guilty. The jury having failed to find the degree of crime of which the appellants were guilty, the verdict was too indefinite and uncertain to authorize the court to pronounce judgment thereon. *People* v. *Marquis,* 15 Cal. 38; *People* v. *Campbell,* 40 Cal. 129; *State* v. *Rover,* 10 Nev. 388, 21 Am. Rep. 745; *People* v. *Travers,* 73 Cal. 580, 15 Pac. 293; *People* v. *O'Neil,* 78 Cal. 388, 20 Pac. 705; *People* v. *Bannister* (Cal.), 34 Pac. 710; *People* v. *Cornwall* (Cal.), 35 Pac. 566; *State* v. *Treadwell,* 54 Kan. 513, 38 Pac. 813; *State* v. *Scarlett,* 57 Kan. 252, 45 Pac. 602; *Hogan* v. *State,* 30 Wis. 428, 11 Am. Rep. 575; *Allen* v. *State,* 85 Wis. 22, 54 N. W. 999; *Colbath* v. *State,* 2 Tex. App. 391; *Brown* v. *State,* 3 Tex. App. 295; *Johnson* v. *State,* 30 Tex. App. 419, 28 Am. St. Rep. 930, 17 S. W. 1070; *Hays* v. *State,* 33 Tex. Cr. Rep. 546, 28 S. W. 203; *Cobia* v. *State,* 16 Ala. 781; *Robertson* v. *State,* 42 Ala. 509; *McGee* v. *State,* 8 Mo. 495; *Dick* v. *State,* 3 Ohio St. 89; *Parks* v. *State,* 3 Ohio St. 101.

E. W. Wells, Attorney-General, for Respondent.

No particular form of verdict is required. The verdict is "Guilty as charged."

If the jury find the defendants guilty of an offense of an inferior degree to that charged, the verdict must specify it, but if the verdict was intended to be guilty of the degree charged, there would be no necessity for specifying it. *St. Clair* v. *United States,* 154 U. S. 134, 14 Sup. Ct. 1002, 38 L. Ed. 936; *Pointer* v. *United States,* 151 U. S. 396, 14 Sup. Ct. 410, 38 L. Ed. 208; *Craemer* v. *State of Washington,* 168 U. S. 124, 18 Sup. Ct. 1, 42 L. Ed. 407.

KENT, C. J.—The indictment under which the defendants were convicted charged them with the crime of grand larceny, in stealing four head of cattle, of the aggregate value of sixty dollars. The jury, by their verdict, found the defendants "guilty as charged in the indictment, and ask mercy of the court."

The Penal Code of Arizona contains the following provision:—

"Sec. 443. Larceny is divided into two degrees, the first of which is termed grand larceny; the second, petit larceny.

"Sec. 444. Grand larceny is larceny committed in either of the following cases: (1) When the property taken is of value exceeding fifty dollars. (2) When the property is taken from the person of another.

"Sec. 445. Larceny in other cases is petit larceny."

Section 972 of the Penal Code provides: "Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty." Section 974 provides: "The jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense."

Under these provisions of the code, the appellants urge that the verdict of the jury is contrary to law, in that it did not find the degree of the crime of which the defendants were guilty. The indictment specifically charges the defendants with the crime of grand larceny, and sets forth the taking of property of value in excess of the sum of fifty dollars. The defendants being so charged in the indictment, and charged with facts which constitute grand larceny under the code, the question is whether a verdict of the jury of "guilty as charged in the indictment" is a verdict which finds the degree of the crime of which they are guilty, within the meaning of the statute. We think, under the statute, the jury must by their verdict find the degree of the crime, where the crime is divided into degrees, and that in the absence of such finding the judgment of the court based thereon is not warranted. The law contemplates that the jury shall decide upon the degree, and that they shall unequivocally so express themselves in their verdict. It is not sufficient to say that the indictment specifies the degree of crime, and that by reference to it the court can ascertain the degree which the jury found; nor can it be assumed, in spite of the clear instructions of the court on that point, that the jury did pass upon the value of the property taken, or take into consideration the language of the indictment. The intent and purpose of the act is to require the jury to pass upon the degree of the crime, and to register their action definitely in their verdict, and not leave it to be inferred, from reference to the indict-

ment or any other proceeding in the case, what their action in that respect was, and in the absence of such finding in their verdict the verdict is fatally defective.

The supreme court of Pennsylvania has expressed views contrary to this, and has held, in effect, that where an indictment charges the specific facts which, under a statute, constitute a crime in the first degree, a verdict of guilty as charged in the indictment does, in the language of the Pennsylvania statute, "ascertain" the crime to be in the first degree, because "the indictment is thus referred to as forming a part of the verdict, and the latter thus ascertains the facts which, in judgment of law, amount to murder in the first degree." *Johnson* v. *Commonwealth,* 24 Pa. 389; *White* v. *Commonwealth,* 6 Bin. 179, 6 Am. Dec. 443; *Commonwealth* v. *Earle,* 1 Whart. 525. We do not think that this rule is sound, or that the indictment by such reference by the jury under such a statute as is in question here can be made to form a part of the verdict, so that by an examination of it the intent of the jury as to the degree of the crime can be ascertained. It would often lead to much doubt and uncertainty, where there is a close question as to whether the indictment specifically charges the degree of the crime, or the facts constituting the degree. It is contrary to the plain language and spirit of the act, and is opposed to a long line of decisions of the courts of other states having similar statutes. In the case of *People* v. *Campbell,* 40 Cal. 129, this question came before the court on an indictment charging murder in the first degree. The jury brought in a verdict of "guilty of the crime charged in the indictment." The defendant moved in arrest of judgment on the ground that the verdict was insufficient, on account of its omission to specify the degree of murder. The court held the objection well taken, saying: "After defining the distinction between murder in the first and second degrees, the section proceeds to enact that, in all prosecutions for murder, if the jury shall find the defendant guilty, the verdict shall specify the degree of murder. This injunction of the statute is not limited to any particular class of prosecutions for murder. On the contrary, it is made obligatory on all juries 'before whom any person indicted for murder shall be tried.' It establishes a rule to which there is to be no exception, and the courts have no authority

to create an exception when the statute makes none. We have no right to disregard a positive requirement of the statute, as it is not our province to make laws, but to expound them. . . . The provision of the statute is that 'the jury shall designate by their verdict whether it be murder of the first or second degree.' The word 'designate,' as here employed, does not imply that it will be sufficient for the jury to intimate or give some vague hint as to the degree of murder of which the defendant is found guilty; but it is equivalent to the words 'express' or 'declare,' and it was evidently intended that the jury should expressly state the degree of murder in the verdict, so that nothing should be left to implication on that point. If it be sufficient for the verdict to 'designate' the degree of the crime only by reference to the indictment, it would be equally good in such a case simply to find the defendant guilty, without any express reference to the indictment. . . . But this construction would annul the very letter of the statute, which, as we have seen, requires the jury to 'designate,' or, in other words, to express or declare by their verdict, the degree of the crime. However absurd it may, at the first blush, appear to be to require the jury to designate the degree of the crime, when it appears on the face of the indictment that the offense charged has but one degree, there are plausible, and perhaps very sound, reasons for this requirement.'' In the case of *Nevada* v. *Rover*, 10 Nev. 388, 21 Am. Rep. 745, this same question arose upon an indictment similarly charging murder in the first degree; the verdict being, ''Guilty as charged.'' The court held the indictment fatally defective. So in the case of *State* v. *Moran*, 7 Iowa, 236, the court held such a verdict insufficient, saying: ''It is said, however, that the indictment charges the crime of murder in the first degree, and that when the jury, by their verdict, found the defendant guilty as charged in the indictment, they did, in legal effect, ascertain that he was guilty in the degree charged. This argument, however, leaves it to the court to deduce the intention of the jury from a verdict general in its language, whereas the law requires that the jury shall find specifically the fact, whether guilt is of the first or second degree. In the case of *State* v. *Treadwell*, 54 Kan. 513, 38 Pac. 813, where the information charged burglary in the first degree, and the verdict found the defendant guilty as charged,

without specifying the degree, the supreme court of Kansas said: "It is well settled in this state that a verdict in such a case, though not absolutely void, is so defective that no sentence can be legally entered thereon." To the same general effect are the following decisions: *Hays* v. *State,* 33 Tex. Cr. Rep. 546, 28 S. W. 203; *McGee* v. *State,* 8 Mo. 495; *People* v. *O'Neil,* 78 Cal. 388, 20 Pac. 705; *People* v. *Bannister,* (Cal.), 34 Pac. 710; *People* v. *Cornwell,* (Cal.), 35 Pac. 566; *State* v. *Scarlett,* 57 Kan. 252, 45 Pac. 602; *Hogan* v. *State,* 30 Wis. 428, 11 Am. Rep. 575; *Colbath* v. *State,* 2 Tex. App. 391; *Brown* v. *State,* 3 Tex. App. 295; *Cobia* v. *State,* 16 Ala. 781; *Dick* v. *State,* 3 Ohio St. 89; *People* v. *Travers,* 73 Cal. 580, 15 Pac. 293. In California, following the case of *People* v. *Whitely,* 64 Cal. 211, 27 Pac. 1104, the supreme court, in a case nearly identical with the one at bar, adopted a different rule in regard to an information charging grand larceny, from the rule laid down in the cases of *People* v. *Campbell, supra,* and *People* v. *Bannister, supra,* where the charge was in the one case murder, and in the other burglary. The court says (*People* v. *Price,* 67 Cal. 350, 7 Pac. 745): "The only question in the case is whether the crime with which the defendant was charged, and of which he was convicted, is distinguished into degrees. If it is, the verdict of the jury is clearly imperfect and bad under the foregoing section of the Penal Code [section 1157]. By section 486 of the Penal Code larceny is divided into two degrees, the first of which is termed 'grand larceny,' the second 'petit larceny'; and by section 487 grand larceny is committed in either of the following cases: '(1) When the property taken is of a value exceeding fifty dollars; (2) when the property is taken from the person of another; (3) when the property taken is a horse, mare, gelding, cow, steer, bull, calf, mule, jack, goat, sheep, or hog. Sec. 488. Larceny in other cases is petit larceny.' In the case we are now considering the defendant was charged with the crime of grand larceny, inasmuch as he was accused of stealing money from the person of another. It will be observed that the defendant was charged in the information with the crime of grand larceny, and it was further charged that the stolen goods were taken from the person of another. Now, there is, under the law, but one degree of grand larceny—when the property

stolen is of the value of $50 or $50,000—and every larceny committed by taking from the person of another is, in its degree, grand larceny. So that, in either aspect of the case, the charge against the defendant was the crime of grand larceny, which, as already remarked, is without degrees, and the verdict of the jury finding the defendant guilty was 'Guilty as charged'; that is to say, guilty of grand larceny. In the case of *People* v. *Whitely*, 64 Cal. 211, 27 Pac. 1104, in which the defendant was charged with the crime of grand larceny, the verdict was, 'Guilty as charged,' and it was held sufficient. In our opinion, the same rule is justly applicable to the case now before us. There is nothing doubtful or uncertain in the verdict.'' We cannot assent to the reasoning of the California court. On an indictment for grand larceny, if the facts warrant it, there may be a conviction for petit larceny. 1 Bishop's New Criminal Law, par. 799. The California code, as well as our code, has divided larceny into two degrees. It has not labeled them ''larceny in the first degree'' and ''larceny in the second degree,'' as in the case of murder, burglary, arson, and other crimes. It calls the degrees ''grand'' and ''petit,'' but this is a mere distinction in name, and not in kind. The degrees are there as much as if they were called ''first'' and ''second.'' It is as specious to say that because there is but one degree of grand larceny, or no degrees, no finding of the degree is necessary, as it would be so to hold if grand larceny were termed ''larceny in the first degree,'' or so to hold in the case of murder or burglary in the first degree. It is the same as saying there are no degrees to murder or burglary in the first degree; hence no finding is required. If, as the supreme court of California has said, and, as we believe, correctly, a verdict based on an indictment charging murder in the first degree, or a verdict based on an indictment charging burglary in the first degree, is defective, under the statute, if it does not specify the degree, a similar verdict based on an indictment charging the first degree of larceny must also be defective; and this is true whether in such degree the crime is termed ''larceny in the first degree'' or ''grand larceny.'' There can be no distinction in principle between the cases.

We think the statute required that the jury should have found in their verdict the degree of the crime; and because

of their failure 'so to find the judgment will be reversed and
the case remanded to the district court for a new trial.

Sloan, J., concurs.

DAVIS, J., dissenting.—I do not concur in the conclusion
reached by a majority of the court in this case. While
larceny is divided into two degrees, the crime distinctly
charged against the defendants by this indictment was that
of grand larceny. The degree was specified in the indictment,
and the verdict, "Guilty as charged in the indictment," was
a clear and unequivocal affirmation of the truth of every
material allegation of the .indictment, and a finding that the
defendants were guilty of grand larceny. They were
not charged with petit larceny, for the value of the
property taken was alleged to be sixty dollars. It is true
that under the indictment there could have been a conviction
of petit larceny if the remaining allegations had been proven,
and the evidence had failed to show that the property was of
a value exceeding fifty dollars; but this is because of the
provision of the statute which permits the jury to "find the
defendant guilty of any offense the commission of which
is necessarily included in that with which he is charged."
A conviction of the lesser offense, however, would have re-
quired a different form of verdict from that which was
returned. The crime of grand larceny consists of a certain
number of indispensable elements. Without them all, it does
not exist. With them all, charged in the indictment, and
found to be true "as charged," there can be no doubt as
to the meaning of the verdict. It is a plain and unambiguous
finding of the "degree of the crime" of which they have
found the defendants guilty, and I do not think the statute
demands more than this. The intention of the jury is clear,
the defendants are not prejudiced, and the court is able to
pronounce judgment upon the verdict, even though a refer-
ence to the indictment is required, as in most criminal cases.
I know that there are authorities to support the view which
the majority of the court have taken. These adjudications
began about the time that murder was distinguished into
degrees. Some of the statutes upon which these decisions
are based—generally murder statutes—require, in varying

terms, that the jury "shall ascertain in their verdict the degree," "shall designate by their verdict the degree," "the verdict shall specify the degree," etc. Our own statute merely requires that the jury "must find the degree of the crime." They have so found in this case, and it seems to me that the reversal of the judgment is rested upon a refinement of technicality.