DETERMINED IN

# THE SUPREME COURT

OF THE

# TERRITORY OF ARIZONA

DURING THE YEAR 1906.

[Criminal No. 228.  Filed March 30, 1906.]

[85 Pac. 116.]

ARCH MAXWELL et al., Appellants, v. TERRITORY OF ARIZONA, Respondents.

1. CRIMINAL LAW—VERDICT—DEGREE OF CRIME.—Under a statute providing that where a crime is distinguished into degrees the jury must find the degree of which the defendant is guilty, the jury need specifically name the degree only when under the indictment they may find the defendant guilty of any of several degrees.  The statute does not apply where the offense charged as of a certain degree cannot possibly embrace any other degree.  *McLane* v. *Territory*, 8 Ariz. 150, 71 Pac. 938, distinguished.

2. LARCENY—PROPERTY INTEREST.—One who has taken an estray and is in possession thereof has such property interest therein that the taking of it from him may be larceny; so also one in possession of stolen property purchased from the thief; so also a thief, in possession of property he has stolen, as against another than the owner.

(Syllabus by the court.)

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Apache. Richard E. Sloan, Judge.  Affirmed.

Arch Maxwell and R. W. Molter were convicted of grand larceny, and appeal.

The facts are stated in the opinion.

X Ariz.—1

Herndon & Norris, and Isaac Barth, for Appellants.

No appearance for the Territory.

NAVE, J.—Appellants were convicted and sentenced for the crime of grand larceny in the taking of a steer alleged to be the property of one P. They have appealed to this court, making four imperfect assignments of error, as follows: "(1) The court erred in its charge to the jury as to law. (2) The verdict of the jury is contrary to the evidence. (3) The verdict of the jury is contrary to law. (4) The court erred in overruling defendants' motion for a new trial." The matters urged by the appellants are clearly set forth in the brief, however; and we will consider them.

As to the contentions that the court erred in its charge to the jury, and that the verdict of the jury is contrary to the evidence, it is sufficient, without going into the matter at length, to state that we find no error in the instructions complained of and that the verdict is not unsupported by the evidence.

The third assignment is that the verdict is contrary to law. The verdict rendered was, "We, the jury, find the defendants guilty as charged in the indictment and we unanimously recommend them to the mercy of the court." It is contended that this verdict is void in that the jury did not therein find the degree of the crime of which they convicted the defendants. Sections 441 and 443 of the Penal Code read as follows: "Larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property of another." "Larceny is divided into two degrees, the first of which is termed grand larceny; the second, petit larceny." Section 444 of the Penal Code amended by act No. 18, p. 24 of the legislature of 1903, which act was in effect at the time of this alleged offense, provides as follows: "Sec. 444. Grand larceny is larceny committed in either of the following cases: (1) When the property taken is of the value exceeding fifty dollars. (2) When the property is taken from the person of another. (3) When the property taken is a horse, mare, gelding, cow, steer, bull, calf, mule, jack, jenny, goat, sheep, or hog, or any neat or horn cattle." By section 972 of the Penal Code it is provided: "Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is

guilty." In support of their proposition appellants cite a previous decision of this court, *McLane* v. *Territory,* 8 Ariz. 150, 71 Pac. 938. In that case the defendants were convicted under an indictment charging them with the crime of grand larceny in stealing four head of cattle of the aggregate value of sixty dollars.

It is to be observed that at the time of the offense alleged in the McLane case grand larceny was defined by statute as "larceny committed in either of the following cases:· (1) When the property taken is of the value exceeding fifty dollars. (2) When the property is taken from the person of another." Section 974 of the Penal Code provides: "The jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense." Therefore under the indictment in the McLane case the jury could have returned any one of the three verdicts, respectively finding defendants: "(1) Guilty of grand larceny, if all the elements of the offense had been proved and the value of the cattle had been proved to be in excess of $50. (2) Guilty of petit larceny, if all the elements of the offense had been proved but the cattle shown to be of a value of $50 or less. (3) Not guilty." On behalf of the territory it was contended in that case that the jury found the degree of the crime by finding the defendant to be guilty "as charged in the indictment," because the indictment specifically charged the defendant to be guilty of grand larceny. But the indictment in that case did not charge grand larceny alone but included also the lesser degree of larceny, to wit, petit larceny; for the degree depended upon the value of the cattle stolen, and proof of the value as laid was not essential to conviction.

Under the indictment which we must now consider the jury could find but one of two verdicts. No lesser offense is included in the offense charged in the indictment. Under the law in force when this offense was committed the larceny of a steer was grand larceny irrespective of the value of the steer; the taking of a steer was either grand larceny, or it was not larceny at all. Therefore the jury could not more definitely find the defendants guilty of grand larceny by specifically returning the verdict, "We find the defendants guilty of grand larceny," than they do when they return the

verdict, "We find the defendants guilty as charged in the indictment." The crime charged in this case is not distinguished into degrees, in the sense of the statute requiring the jury to find the degree of the crime of which the defendant is guilty, whenever a crime is distinguished into degrees. That statute can apply only where the jury could under the indictment find the defendants guilty of any of several degrees of a crime; it is inapplicable where there is no possible alternative verdict of guilty. Therefore we conclude that the verdict is not contrary to law.

The appellants urge further that in support of a motion for a new trial they made a sufficient showing of the discovery of new evidence to entitle them thereto. The indictment charged that the steer in question was the property of one P. Proof of the ownership of the steer was made by the testimony of P. who testified that he had bought the steer from the wife of one T. On motion for new trial the affidavit of T. was adduced, the statements of which show that T. is the owner of the steer, and taken in the light of P.'s testimony and of a counter affidavit filed by the territory, that P. obtained possession of it in one of three ways; that is to say, he stole the steer, or took it as an estray, or purchased it from a person other than the owner, who had no authority to sell it. It is true that the ownership of stolen property must be alleged and proved as alleged; but it would utterly defeat the ends of justice if in the trial of larceny ultimate title to the property in question must be conclusively determined. Such is not the law. One who has taken and is in the possession of a stray animal has such property interest in it that the taking of it from him may be larceny. So, also, has one in possession of stolen property purchased by him from the thief; so, also, indeed, has the thief himself, in possession, as against another than the owner of the property. The utmost that is shown in the affidavit in support of the motion for new trial is that there is a dispute between P. and T. as to the ownership of the steer. There is nothing to show that P. did not have possession of the steer and such right thereto as to make the steer subject of larceny from him. Therefore the court was not in error in denying the motion for a new trial.

The judgment is affirmed.

KENT, C. J., and CAMPBELL, J., concur.

DOAN, J.—I concur in the affirmance of the judgment of the lower court, but dissent from that part of the opinion that reaffirms the McLane case, 8 Ariz. 150, 71 Pac. 938.