[Criminal No. 229.   Filed March 22, 1907.]

[89 Pac. 415.]

# NELLIE BUFFEHR, Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. TRIAL—INSTRUCTIONS—LARCENY—DEGREES — REQUESTS — NECESSITY FOR.—In the absence of a request by the defendant for the court in its instructions to the jury to define the different degrees of larceny, it is not error for the court to omit such instruction.

2. APPEAL AND ERROR—REVIEW—SCOPE—ASSIGNMENT OF ERROR—REV. STATS. ARIZ. 1901, PEN. CODE, SEC. 1059, CITED.—Under section 1059, *supra,* it is the duty of the court to consider whether a verdict is fatally defective in a criminal case in that it fails to find the degree of the crime of which defendant is guilty, notwithstanding the failure of the defendant to assign it as error.

3. LARCENY — VERDICT — MUST SPECIFY — DEGREE — REV. STATS. ARIZ. 1901, PEN. CODE, SECS. 441, 443–445 AND 974, CONSTRUED—McLANE v. TERRITORY, 8 ARIZ. 150, 71 PAC. 938, FOLLOWED—MAXWELL v. TERRITORY, 10 ARIZ. 1, 85 PAC. 116, DISTINGUISHED.—Section 974, *supra,* authorizes the jury to find defendant guilty of any offense included in that with which he is charged. Sections 441 and 443–445 define larceny, and divide the same into grand and petit. Upon a trial for the offense of larceny from the person, the jury brought in a verdict of guilty as charged in the indictment. *Held,* that larceny from the person is merely an aggravated form of larceny, that a conviction of any lesser offense might be had, and the verdict merely finding defendant guilty as charged in the indictment is therefore invalid.

APPEAL from a judgment of the District Court of the Fifth Judicial District, in and for the County of Gila. Frederick S. Nave, Judge. Reversed.

The facts are stated in the opinion.

W. C. McFarland, G. W. Shute, and Webster Street, for Appellant.

It is the duty of the court in felony cases, whether asked to do so or not, to fully instruct the jury of the law of the case. *Mackey* v. *Commonwealth,* 4 Ky. Law Rep. 179; *Kingsmith* v. *Commonwealth,* 7 Ky. Law Rep. 744; *State* v. *Branstetter,* 65 Mo. 149; *State* v. *Banks,* 73 Mo. 592; *Cole* v. *State,* 40 Tex. 147; *O'Mealy* v. *State,* 1 Tex. App. 180; *Reed* v.

*State,* 9 Tex. App. 317; *Bennett* v. *State,* 12 Tex. App. 15; *Benevides* v. *State,* 14 Tex. App. 378; *Miers* v. *State,* 34 Tex. Cr. 161, 53 Am. St. Rep. 705, 29 S. W. 1074. If there is evidence tending to show a theft, but it is doubtful whether the theft, if proved, constituted a felony or misdemeanor, the court, in charging the jury, should submit the issue to them. *Lee* v. *State,* 14 Tex. App. 266; *People* v. *Campbell,* 40 Cal. 129. The charge of the court limited the jury to the consideration of grand larceny, and in effect took from them the consideration of the facts tending to show petit larceny; also deprived them of the statutory right to pass upon the degree of the crime, which the statute required in all cases when the crime is distinguished in degrees. Rev. Stats. Ariz. 1901, Pen. Code, sec. 443; *McLean* v. *Territory,* 8 Ariz. 150, 71 Pac. 938. Under sections 443-445, 927, and 974 of the Penal Code a verdict of "guilty as charged in the indictment," under an indictment charging grand larceny, was insufficient, in that it failed to specify the degree. *McLean* v. *Territory, supra.*

E. S. Clark, Attorney General, for Appellee.

CAMPBELL, J.—The appellant was indicted for the crime of larceny from the person. The property alleged to have been stolen was a United States gold certificate of the denomination of $50. Upon the trial the jury, by their verdict, found the defendant "guilty as charged in the indictment."

Upon this appeal three assignments of error are made. The first, in substance, is that the court erred in not defining to the jury the different degrees of larceny. A sufficient answer to this assignment is that the court was not requested by the defendant to so instruct the jury. In the absence of a request therefor, it is not error for the court to omit such instruction. *United States* v. *Chung Sing,* 4 Ariz. 217, 36 Pac. 205; *Territory* v. *West,* 4 Ariz. 212, 36 Pac. 207; *Ward* v. *Territory,* 7 Ariz. 241, 64 Pac. 441; *Territory* v. *Dooley,* 3 Ariz. 60, 78 Pac. 138.

The second assignment of error relates to the admission of testimony, and the third challenges the sufficiency of the evidence to sustain the verdict. Neither assignment is well taken.

No further assignments of error are made, but upon the oral argument it was urged that the verdict is fatally defec-

tive in that it fails to find the degree of the crime of which the defendant is guilty, and it is our duty to consider the question, notwithstanding the failure of the defendant to assign it as error. Pen. Code, sec. 1059.

Section 972 of the Penal Code provides: "Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty." Section 974 provides: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense." Section 441 defines larceny as "the felonious stealing, taking, carrying, leading or driving away of the personal property of another"; and, by section 443, larceny is divided into two degrees, the first of which is termed grand larceny, and the second petit larceny. Section 444, as amended, provides: "Grand larceny is larceny committed in either of the following cases: (1) When the property taken is of the value exceeding fifty dollars. (2) When the property is taken from the person of another. (3) When the property taken is a horse, mare, gelding, colt, cow, steer, bull, calf, mule, jack, jenny, goat, sheep or hog, or any neat or horn cattle. (4) When property taken is a bicycle." Larceny not described in section 444 is, by section 445, petit larceny. Restating the question, it is whether, upon an indictment charging larceny from the person, a verdict of "guilty as charged in the indictment," without specifically finding the degree of the crime, is a valid verdict. We think the case of *McLane* v. *Territory,* 8 Ariz. 150, 71 Pac. 938, is decisive of this question. In that case the defendant was charged with the larceny of property of a value in excess of $50, and the verdict was, as here, "guilty as charged in the indictment," and we said: "We think, under the statute, the jury must by their verdict find the degree of the crime, where the crime is divided into degrees, and that, in the absence of such finding, the judgment of the court based thereon is not warranted. The law contemplates that the jury shall decide upon the degree, and that they shall unequivocally so express themselves in their verdict. It is not sufficient to say that the indictment specifies the degree of crime, and that by reference to it the court can ascertain the degree which the jury found; nor can it be assumed, in spite of the clear instructions of the court on that point, that the jury did pass upon the value of the property taken, or

take into consideration the language of the indictment. The intent and purpose of the act is to require the jury to pass upon the degree of the crime, and to register their action definitely in their verdict, and not leave it to be inferred, from reference to the indictment or any other proceeding in the case, what their action in that respect was, and in the absence of such finding in their verdict the verdict is fatally defective.''

It is contended, however, by the territory, that this case does not fall within the holding of the McLane case, that there are no degrees of the crime charged in this indictment, and that it therefore falls within the holding of this court in the case of *Maxwell* v. *Territory,* 10 Ariz. 1, 85 Pac. 116. In the Maxwell case the defendant was indicted for the larceny of a steer. Such larceny is, by section 444 of the Penal Code, as amended, grand larceny. We held that no lesser offense is included in the offense charged in that indictment, and therefore the jury could not more definitely find the defendant guilty of grand larceny than it did when it returned a verdict of guilty as charged in the indictment. We must therefore inquire whether the jury could, under the indictment in this case for larceny from the person, have found the defendant guilty of petit larceny; whether petit larceny is a lesser offense of larceny from the person. The territory, while insisting that it is not, has cited us no authority on the point. It is said by the supreme court of Illinois in *Prindeville* v. *People,* 42 Ill. 217, that ''where, to convict of the higher offense, the prosecutor must prove every fact necessary to constitute the smaller offense, together with the additional facts which make it the higher offense before he can have a conviction, then the jury, if the facts warrant it, may convict of the lesser offense.'' And by the supreme court of Maine, in *State* v. *Henry,* 98 Me. 561, 57 Atl. 891, it is said that ''a practically universal rule prevails that the verdict may be for a lesser crime which is included in a greater charge in the indictment, the test being that the evidence required to establish the greater would prove the lesser offense as a necessary element.'' Applying these rules to the case at bar, we have no hesitancy in holding that, had the defendant been convicted of petit larceny under this indictment, such conviction must have been upheld. Such, we believe, has been the practically unanimous holding of the courts of other jurisdictions. *State* v. *Eno,* 8 Minn. 220 (Gil.

190); *State* v. *Taylor,* 3 Or. 10; *Bolling* v. *State,* 98 Ala. 80, 12 South. 782; *People* v. *McElroy,* 116 Cal. 583, 48 Pac. 718; *Brown* v. *State,* 90 Ga. 454, 16 S. E. 204. Larceny from the person is but an aggravated form of larceny, and all of the elements of simple larceny must be alleged and proven, with the addition of the aggravated circumstances of larceny from the person, to warrant a conviction of the greater offense. The lesser offense being necessarily included, a conviction of it may be had under an indictment for the greater.

It follows that the verdict is fatally defective, and that the judgment must be reversed and the case remanded to the district court for a new trial.

KENT, C. J., and SLOAN, J., concur. DOAN, J., dissents.