[Criminal No. 598.  Filed November 3, 1924.]

[229 Pac. 1036.]

## TOM PETTIT and GROVER WADDLE, Appellants, v. STATE, Respondent.

1. LARCENY—POSSESSION IN PARTY FROM WHOM PROPERTY IS STOLEN IS SUFFICIENT OWNERSHIP.—Possession in party from whom property is stolen is sufficient ownership in larceny prosecution.

2. CRIMINAL LAW—INSTRUCTION, OBJECTED TO AS COMMENT ON EVIDENCE, HELD IMMATERIAL, IN VIEW OF EVIDENCE ESTABLISHING FACT IN QUESTION.—In prosecution for larceny of steers, if instruction that bill of sale of steers to person in whom ownership alleged was valid was comment on evidence, it was immaterial, where possession of steers was in such person when they were taken.

3. CRIMINAL LAW—INSTRUCTION RELATING TO STATEMENTS OF DEFENDANT MADE UNDER DURESS HELD PROPERLY REFUSED AS NOT APPLICABLE TO EVIDENCE.—Instruction that, if defendants made any statements to officers while under arrest and under duress, which were not full, free, and voluntary, they should be disregarded, *held* properly refused, as not applicable to evidence.

---

1. Right to possession of person from whom property stolen as affecting crime of larceny, see note in 13 Ann. Cas. 495. See, also, 17 R. C. L. 22.

4. CRIMINAL LAW — NEW TRIAL FOR NEWLY DISCOVERED EVIDENCE
   PROPERLY DENIED, WHERE EVIDENCE CUMULATIVE IN NATURE.—
   New trial, in prosecution for grand larceny, on ground of newly
   discovered evidence, was properly denied, where such evidence was
   merely cumulative.

See (1) 36 C. J., p. 757. (2) 17 C. J., p. 343. (3) 16 C. J.,
p. 1043. (4) 16 C. J., p. 1199.

APPEAL from a judgment of the Superior Court
of the County of Maricopa. M. T. Phelps, Judge.
Affirmed.

Mr. Mercer Hemperly, for Appellants.

Mr. John W. Murphy, Attorney General, Mr. A. R.
Lynch, Mr. Earl Anderson and Mr. E. W. McFar-
land, Assistant Attorneys General, for the State.

ROSS, J.—On January 19, 1924, appellants (here-
inafter referred to as defendants) were jointly
charged by information with the crime of grand
larceny. The property, two steers, was alleged to
have been stolen on August 30, 1923, at Maricopa
county, and the ownership was laid·in Dan McDer-
mott. Defendants were convicted and sentenced to
terms in the state prison. They appeal.

The first assignment of error is "that the verdict
is contrary to the law and the evidence." Under
this assignment it is argued that the allegation of
ownership was not established. McDermott testi-
fied that on May 26, 1923, he bought a number of
cattle from the Sears-Kay Company, a corporation,
and in addition to taking actual possession of such
animals he was given, as evidence of his owner-
ship, a bill of sale executed by the company's sec-
retary; that he took said cattle from the place where
the Sears-Kay Company delivered them to him, and,
after branding them with his brand, placed them in
the Lee Walker pasture, about two miles east of

4. See 20 R. C. L. 295.

Peoria; that about the 30th of August two of the steers so purchased from the Sears-Kay Company were taken out of the Lee Walker pasture; that they were not quite three years old, red, with white faces, and would weigh about 800 or 825 pounds; that he found them later in the stockyards in Phoenix; that he recognized them as two of the steers that he had purchased from the Sears-Kay Company, and that they were his property.

The basis for defendants' claim that ownership was not established in McDermott is that the bill of sale taken by him from the company was executed by the secretary, instead of the president, of the company; the articles of incorporation vesting the authority to sign papers of the kind in the president, and not the secretary. Whatever may be said of this contention, one thing is absolutely certain, and that is that McDermott had the possession of the steers when they were taken, and possession in the party from whom property is stolen is always recognized as sufficient ownership in larceny cases. It is said in *Rex* v. *Beboning,* 17 Ont. L. Rep. 23, 13 Ann. Cas. 491:

" 'For the purposes of larceny, that man is the owner of goods who, as against the taker, is entitled to the possession of the goods taken. The taker cannot set up *jus tertii* against such an owner, unless the taking was effected with or in the belief that he had the authority of the third person. 8 Encyc. of Eng. Law, 2 ed., 51.

" 'It is quite immaterial, for purposes of theft, whether the possessor of goods seized larcenously has or has not any real right to them. One thief can steal stolen goods from another.' Id.; Roscoe, Crim. Ev., 13th ed., 1908, 527.''

See, also, 17 R. C. L. 67, § 72; Bishop on Criminal Law, vol. 2, 9th ed., § 789; *State* v. *Tillett,* 173 Ind. 133, 140 Am. St. Rep. 246, 20 Ann. Cas. 1262, 89

N. E. 589; *Henry* v. *State,* 110 Ga. 750, 78 Am. St. Rep. 137, 36 S. E. 55.

Defendants complain of an instruction, to the effect "that the bill of sale introduced in the evidence in this case is, in so far as you are concerned, a valid instrument." It is claimed this was a comment upon the evidence, and equivalent to telling the jury McDermott was the owner of the two steers. The question as to whether the bill of sale was a valid instrument of transfer was, of course, one of law and properly passed upon by the court. However, since, as we have seen, the possession of the steers was unquestionably in McDermott, the ruling of the court upon that question was entirely immaterial.

Complaint is made because the court refused to give the following instruction, requested by defendants:

"The court instructs the jury that, if you believe from the evidence that the defendants made any statements to the officers while under arrest and under duress, and that said statements were not full, free, and voluntary, then said statements shall be disregarded by the jury, in arriving at guilt or innocence of the defendants."

The trouble with this instruction is it assumes something not in the record. The evidence not only shows that defendants at the time they made statements to the officers were not under duress, but that they spoke of their own free will.

Finally, it is said the court should have granted the defendants a new trial, on account of newly discovered evidence. This motion and the supporting affidavits were fully and carefully investigated and considered by the trial court. The affidavits concerning the alleged newly discovered evidence were made by one George Whiteley and one A. L. Schomaker, and, although the record does not show

it, it was disclosed in the argument of the case before this court that these two affiants, when attempted to be located by the court, for the purpose of interrogating them as to their knowledge of what they had sworn to, were not to be found, but had fled the country after making the affidavits. An inspection of the affidavits, however, shows that what these two affiants proposed to testify about was only cumulative in its nature.

The judgment of conviction is affirmed.

McALISTER, C. J., and LYMAN, J., concur.