[Criminal No. 877. Filed October 23, 1939.]

[94 Pac. (2d) 869.]

DALE BROUGH, Appellant, v. STATE OF ARIZONA, Respondent.

Miss S. V. Ross, for Appellant.

Mr. Joe Conway, Attorney General, and Mr. Albert M. Garcia, his Assistant, for Respondent.

LOCKWOOD, J.—Dale Brough, hereinafter called defendant, was informed against by the county attorney of Maricopa county for the crime of burglary. The information sufficiently charged the offense, but did not in any manner, directly or indirectly, allege whether the burglary was committed in the daytime or the nighttime. Defendant was tried to a jury. Two verdicts were given the jury by the court, one of which read:

"We, the jury, duly empanelled and sworn in the above entitled cause on our oaths do find the defendant guilty."

And the other was in the following language:

"We, the jury, duly empanelled and sworn in the above entitled cause on our oaths do find the defendant not guilty."

The jury returned the former verdict. No objection was made by either counsel for the defendant or the state to the form of verdict. The jury was discharged, and the defendant thereafter sentenced to serve not less than five nor more than seven years in the state prison. From this sentence and judgment this appeal was taken.

Burglary is defined under section 4746, Revised Code of 1928, as follows:

"Burglary defined; degrees; punishment. Every person who enters any building, dwelling house, . . . with intent to commit grand or petit larceny or any felony; and every person who enters any outhouse or other building not above enumerated, with intent to commit any felony, is guilty of burglary. Burglary committed in the night-time is burglary of the first degree, and burglary committed in the day-time is burglary of the second degree."

It will be seen that the offense is divided into two degrees. Section 5088, Revised Code of 1928, is in the following language:

"Jury to find degree of crime. Whenever a crime is divided into degrees, the jury, if they convict the defendant, must find the degree of the crime of which he is guilty."

█ It is plain that, although the defendant was charged with burglary, neither the information nor the verdict indicated whether it was burglary in the first degree, or burglary in the second degree. Under these circumstances the judgment appealed from cannot stand. *Hampston* v. *State*, 34 Ariz. 372, 271 Pac. 872; *McLane* v. *Territory*, 8 Ariz. 150, 71 Pac. 938; *Buffehr* v. *Territory*, 11 Ariz. 165, 89 Pac. 415.

█ The attorney general has very properly and frankly admitted that the judgment must be reversed, but urges that since the error was one of form, the case should be ordered retried. We think his contention is correct.

The judgment of the superior court of Maricopa county is reversed, and the case remanded with instructions to grant a new trial.

ROSS, C. J., and McALISTER, J., concur.