381 P.2d 99

The STATE of Arizona, Appellee,

v.

Keith A. NOE, Appellant.

No. 1283.

Supreme Court of Arizona.

In Division.

April 25, 1963.

Jack Redhair, Tucson, Bernard I. Rabinovitz, Tucson, of counsel, for appellant.

Robert Pickrell, Atty. Gen., Phoenix, Norman E. Green, County Atty. of Pima County, William J. Schafer, III, Deputy County Atty., Tucson, for appellee.

LOCKWOOD, Justice.

Keith A. Noe appeals from conviction of first degree burglary. The facts as

presented by the state's witnesses are as follows: During the afternoon of April 16, 1962, defendant with Earl Bolin, Vern York and one other were visiting A. C. Reynolds in his house in Tucson, Arizona. Reynolds brought out a guitar which defendant played. The guitar was the property of one Art Waddell who had pawned it before leaving Tucson to look for work. Waddell gave the pawn ticket to Reynolds to redeem and Reynolds was holding the guitar. Reynolds later put the guitar away in the bedroom. About 5:30 P.M. he left for his work on the swing shift and the defendant left at the same time in his own car. James Arnwine who shared the house with Reynolds returned from his work shift about 6:30 P.M., inadvertently leaving his keys in the lock of the front door. He cleaned up the house, and noticed the guitar against a chest of drawers and a bottle of whiskey on the table. He then went to bed about 9:00 o'clock. When Reynolds came in from work about 1 A.M. he found the keys in the lock. When he was unable to find the bottle of whiskey, he awakened Arnwine and they searched the apartment. The guitar and whiskey were both missing. Reynolds called the police and then accompanied by Bolin, went out in his car to look for defendant. They found defendant in his car. Defendant denied knowing anything about the guitar and whiskey. However, Reynolds then discovered the guitar under a blanket in defendant's car. He took the guitar home and about two hours later defendant came to the house. He told Reynolds: "I thought you wouldn't mind if I would take the guitar and go out and play it." He also brought back the bottle of whiskey.

At the close of the state's case defendant moved to dismiss upon the ground there was no showing that the owner (Waddell) had not given him permission to use the guitar. There was some evidence that Waddell who was acquainted with defendant had previously permitted the defendant to play the guitar. Defendant did not take the stand and rested without presenting any evidence on his behalf.

Burglary, as related to the facts herein, is the entering of a dwelling house in the nighttime with intent to commit grand or petty theft. A.R.S. § 13–302. Under the statute it is the entering with larcenous or felonious intent which is the gravamen of the offense. McCreary v. State, 25 Ariz. 1, 212 P. 336.

It is argued that the state was required to show that the owner, Waddell, had not consented to the taking of the guitar in order to establish a case for the jury on the question of intent. Burglary is an offense against a right of possession, Wharton, Criminal Law, § 406, 430; People v. Stewart, 23 Ill.2d 161, 177 N.E.2d

237; and it is not a defense to larceny that title to property is in one other than the person from whom it is taken. Pettit v. State, 27 Ariz. 93, 229 P. 1036; Maxwell v. State, 10 Ariz. 1, 85 P. 116. The evidence shows that these articles were removed from Reynolds' dwelling house without his permission or the permission of his co-tenant, that this was done in the nighttime, that the guitar was found in the defendant's possession soon thereafter, that he returned the bottle of whiskey, and that he admitted taking both items. This constituted a prima facie case for the jury on the question of whether defendant possessed the prerequisite intent to commit theft. Gibson v. State, 25 Ariz. 236, 215 P. 729. Defendant then had the burden of going forward with evidence to rebut the showing made by the state. State v. Childress, 78 Ariz. 1, 274 P.2d 333, 46 A.L.R.2d 1169.

While, under the circumstances, consent of the owner Waddell would be sufficient to negate intent to commit larceny, People v. Shaunding, 268 Mich. 218, 255 N.W. 770; Roland v. State, 91 Ga.App. 419, 85 S.E.2d 789, there was no evidence of such consent. Reynolds testified that defendant said he thought Reynolds wouldn't mind if he would take the guitar and go out and play it. Reynolds also testified that he didn't know whether Waddell ever gave the defendant permission to use it. Other than this, there is nothing in the record to indicate defendant had any consent to take the guitar.

Judgment affirmed.

UDALL, V. C. J., and STRUCKMEYER, J., concur.