459 P.2d 531

The STATE of Arizona, Appellee,

v.

Dorothy Jean WILMORE, aka Dorothy Jean Willmore, Appellant.

No. 2 CA–CR 176.

Court of Appeals of Arizona.

Division 2.

Oct. 10, 1969.

Rehearing Denied Nov. 18, 1969.
Review Denied Dec. 16, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

William C. Scott, Tucson, for appellant.

KRUCKER, Chief Judge.

Defendant-appellant, Dorothy Jean Wilmore, was informed against for the felony of petit theft with a prior conviction. The prior conviction was admitted, and the jury returned a verdict of guilty. Defendant was sentenced to not less than two nor more than five years and appeals from the judgment entered on the verdict and the denial of her motion for a new trial.

Construing the facts in a light most favorable to sustaining the verdict, they are as follows. The security guard at McLellan's Variety Store, Mr. Pipes, testified that on March 18, 1968, at about 8:00 p.m., he observed the defendant and another Negro female, later identified as defendant's sister, Linda, put a white dress under her own loose-fitting garment and leave the store without paying. Mr. Pipes followed the two women outside the store and, recruiting help from a Mr. Celey as he left the store, attempted to stop the women. The women struggled, and after a brief

chase, Mr. Celey caught Linda but the defendant got away. Within a matter of minutes, a young woman identified as another sister, Shirley, arrived with a friend of the family, Mr. John Higgins, and after talking with the police, left the store. The police showed Mr. Pipes and Mr. Celey a collection of photographs in order to identify the woman who had taken the dress, and both men selected defendant's photograph. Approximately nine days later, defendant was arrested.

Defendant, her two sisters, three friends, and Mr. Higgins consistently maintained that only the two younger sisters, Linda and Shirley, and Mr. Higgins had gone to the store and that while Mr. Higgins went to get a cup of coffee Linda was stopped. They insisted that the defendant was not with them at this time but that she played cards with the three friends from about 4:30 to 10:00 or 1:00 that night.

Defendant presents two allegations of error:

(1) The State failed to prove an essential element of the crime: that the dress was owned by another.

(2) The photographic identification procedure violated defendant's constitutional right to due process of law.

■ Defendant contends no testimony was elicited from the witnesses proving that there was something taken from the store that belonged to the store.

As the authors of 52A C.J.S. Larceny § 13 a state:

"An essential element of larceny is that the thing taken and carried away should be the property of another, * * *."

In this jurisdiction, possession in a person from whom property is stolen is sufficient ownership to sustain a larceny prosecution. Pettit v. State, 27 Ariz. 93, 229 P. 1036 (1924).

We agree that no specific question was asked to the effect, "Did you see defendant take the dress off the store's clothing rack?" However, the tenor of Mr. Pipes'

testimony leaves no doubt that this was the case:

* * *

"Q Did you see Linda do anything wrong?

A She looked around and then she tapped Dorothy for some reason I don't know and that's when *the dress disappeared*.

Q And the closest girl to you was who, the girl who *swiped the dress* or Linda?

A Dorothy."

* * *

Also, in response to the question of *which one took the dress*, Mr. Pipes again answered "Dorothy." Mr. Pipes also testified he turned over the dress to the police that evening. Apparently it had been brought into the store by an employee. Counsel for the State points out that Exhibit No. 5, a dress, admitted without objection, bore a price tag bearing the store's name. We believe the testimony and exhibit left no doubt that the store's property was taken.

■ Defendant's second contention is that the photographic identification violated her right to due process of law. She argues that the totality of the circumstances reveals that the police officers were not paying attention as the witnesses viewed the photographs. She contends the witnesses could have taken note of the names on the back and knowing the sisters' names could have been influenced, and that they could have conferred and not arrived at independent conclusions.

In Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), the United States Supreme Court held that while the use of photographs for identification per se is not unconstitutional if the procedure is unnecessarily suggestive and conductive to irreparable mistaken identification, due process inquiries are appropriate.

In Arizona, we followed the rule that the manner of an extra-judicial identifica-

tion affects the weight rather than the admissibility of identification testimony. State v. Gortarez, 103 Ariz. 339, 442 P.2d 83 (1968); State v. Dutton, 83 Ariz. 193, 318 P.2d 667 (1957).

However, since *Simmons* and the companion cases in the lineup context, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), the propriety of the identification process goes to the admissibility of such identification. State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969).

In *Simmons,* only photographs of the two accused bank robbers were shown to bank employees. The Court held there was a need to swiftly track down the men and no violation of due process occurred. Both men were viewed in daylight.

In the instant case, we do not believe the showing of six photographs of Negro females to both witnesses violated defendant's right to due process of law. Officer Scott testified that Mr. Pipes had first described the woman as "a Negro female, five feet, weighing one hundred thirty pounds. * * *" Sgt. Krueger testified he showed Mr. Celey and Mr. Pipes photographs of Negro women between the ages of 18 and 50. All of the women in the pictures apparently fit the general description given initially and nothing pointed to defendant in particular. It might have been better for each witness to have separately viewed the pictures, but both testified they had no doubt as to the picture they selected. Mr. Pipes testified both were going through the photos, he picked out a photo, and then Mr. Celey looked at them and agreed. The photographs were not turned over to see the names until completion of the identification.

Judgment affirmed.

HOWARD and HATHAWAY, JJ., concur.