STATE OF VERMONT *v.* THOMAS BRADY.

Where an indictment commenced thus;—' The grand jurors within and the body of the county,' &c.,—*it was held*, on motion in arrest, that the omission of the word *for*, after the word ' and,' did not vitiate the indictment.

An allegation, in an indictment for burglary, that the respondent broke and entered the dwelling house of one person, with intent to steal his goods, and, having so entered, stole and carried away the goods of another person then and there being found, is not a misjoinder of offences.

INDICTMENT for burglary. The introductory part of the indictment was as follows—" The grand jurors within and the body of the county," &c., and the respondent was charged with breaking and entering, in the night time, the dwelling house of Erastus Allen, with intent to steal the goods of said Erastus Allen, and stealing and carrying away certain articles, the goods and chattels of one Henry B. Allen, then found in said dwelling house.

After a verdict of guilty in the county court, the respondent moved in arrest of judgment for the insufficiency of the indictment. The motion was overruled and the respondent excepted.

*Wm. Hebard,* for respondent.

The question in this case is, whether two separate and distinct offences may be charged in one count.

In a civil suit, it would not be contended that two distinct causes of action could be declared upon in one count in the declaration.

The crime of burglary consists in breaking and entering a building of some sort, with *intent* to commit a crime. The charge in this case, so far as the crime of burglary is concerned, is that the respondent " broke and entered the dwelling house of Erastus Allen," with intent to steal the goods of Erastus Allen, and when those facts were proved, the crime of burglary was proved to have been committed. There is then a further and a separate and distinct charge of simple *larceny*, which is that the respondent, after being in the house of *Erastus Allen*, stole the goods of Henry B. Allen.

The respondent might have been considered guilty of one of these charges by the jury, and *not guilty* of the other.

The jury returned a general verdict of guilty.

The sentence of the court upon that verdict would be different for the different crimes of burglary and larceny.

How then can the court know what sentence to pass upon the respondent?

It has been determined, in Massachusetts, that a charge for " behaving rudely within the walls of a house of public worship," and a charge for disturbing an assembly of people met for public worship, cannot be alleged in one count. *Commonwealth* v. *Simons*, 2 Mass. R. 163.

The same doctrine is fully sustained in 8 N. H. Rep. 161.

Chitty, Starkie and Swift are alike in the forms, and it is believed no form or precedent can be found that will afford authority for one like the present.

*E. Farr*, state's attorney, for prosecution.

The indictment is sufficient after verdict.

1. Alleging the theft, when actually committed, in the same indictment with burglary, is according to all forms and is proper although it is a distinct offence when committed separately. In burglary there is, necessarily, an intent to commit some felony after the entering, and, if committed, it is only evidence of such intention and is merged in the burglary; at least, where that is punished, and is an incident of it. *Commonwealth* v. *Hope*, 22 Pick. R. 1. 2 Swift, 703. Aikens' Forms. Chitty's Pleadings. *State* v. *Nelson*, 8 N. H. R. 164.

2. The allegation of *whose* goods respondent intended to commit larceny or did commit larceny is immaterial. It forms no part of the offence charged. The substance of the offence charged is breaking and entering with intent to commit a felony and committing the felony when entered, and the kind of felony intended must be set forth, as larceny, robbery, &c., and proved as laid, and no more is necessary. 2 Swift, 303.

3. The facts must now after verdict be taken to have been charged correctly in the indictment, and they certainly amount to a burglary and no more. That is, as the breaking and entering was with intent to commit larceny, and larceny was committed at the time and place intended, as part of the original transaction, it is merged as completely as if the other man's goods had been taken.

4. Suppose the indictment had not alleged of whose goods the larceny was intended or committed, as it need not, and then the facts had turned out to be as this indictment sets forth—that the entry was with intent to steal Thomas Allen's goods, but the larceny committed was of H. B. Allen's goods —would this have cleared him of the crime charged?

5. This cannot be material, for it can never be known whose goods respondent intended to take when he entered. And in fact the criminal, in nearly every case, has no intent about it. He only means to steal if he can find any thing to take, and in the end knows nothing, and cares as little, whose were the goods taken.

6. Suppose Brady was mistaken as to the owner of the goods taken, and took H. B. Allen's goods, supposing them to be Thomas Allen's, does this clear him from punishment or make the transaction consist any the more of distinct offences, so that the facts are not to be described in the indictment as laid?

The opinion of the court was delivered by

ROYCE, J.—It is said to be a rule applicable to indictments, that mere clerical and grammatical errors do not vitiate, unless they change a word, or render the meaning obscure. 1 Chit. Cr. L. 196. The omission of the word *for* in the introductory part of this indictment has done neither. It may have rendered the preceding word, '*and*,' senseless and unmeaning, but can have no further effect. The grand jury *within* a county, when in regular organization and attendance upon the county court, are necessarily a grand jury both *within* and *for* the county.

The other objection relates to the manner of charging the offence. It is alleged that the respondent broke and entered the dwelling house of Erastus Allen, (in the night time, &c.,) with intent to steal the goods and chattels of said Erastus Allen, in said dwelling house then being; and that, having so broken and entered said dwelling house, he stole certain goods and chattels, found in said house, belonging to Henry B. Allen. As the crime of burglary consists in breaking and entering a dwelling house, &c., in the night time, with intent to commit some felony therein, such intent must be alleged in charging the offence. And it is not enough to allege

an intent to commit felony generally, but some particular species of it must be named—as, to commit murder, robbery, or theft.   And as the owner of the house must be named in charging the offence, so also, in the last example put, must the owner of the goods intended to be stolen.   It is not essential to the consummation of the offence, that the intent to steal should be executed ; though it is said that if the indictment charges the theft to have been committed, the allegation must be proved.  ·Here the intent to steal the goods of Erastus Allen is alleged, and, after verdict, should be taken to have been proved.   But the actual stealing of his goods is not alleged, and therefore was not required to be proved.

The objection, then, does not arise for want of a legal and sufficient charge of burglary, but upon the ground that the allegation of theft here made is not a part of that charge. It assumes that the indictment shows an improper joinder of offences.   But the charge of theft in these cases is never strictly included in the charge of burglary. The latter is fully expressed in charging the burglarious entry alone.   Yet an additional allegation, in the same count, that the purposed theft was committed, has never been supposed to vitiate the indictment.   Such, indeed, are all the precedents, when a theft immediately following the entry is expected to be proved.   Upon such an indictment the prisoner may be acquitted of burglary, and convicted of the theft, whilst a general verdict of guilty will cover both offences.   Ph. Ev. 136 & 156. 1 Chit. Cr. L. 205–6.   As the crime of burglary and the crime of larceny, thus committed, have a close connection in fact, so, it appears, they may properly be charged in a like connection.   It is true, that the hope of stealing Erastus Allen's goods prompted the commission of this burglary, and perhaps the present indictment furnishes the first instance of alleging a theft committed, which was not specially designed at the time of the entry.   But as we discover no principle which, for the present purpose, should distinguish the one theft from the other, we think it indifferent, whether the alleged theft was of Erastus Allen's goods, or those of another person.   The result is that the prisoner can take nothing by his motion, and judgment must be entered upon the verdict.