CIRCUIT COURT FOR MULTNOMAH COUNTY, FEBRUARY TERM, 1868.

STATE OF OREGON *v.* JOSEPH TAYLOR.

EVIDENCE.—Where the conversations of the defendants are admissible as confessions, the whole conversation relating to the subject may be admitted.

PRIVILEGE OF WITNESS.—A witness on a former examination had made statements which were then reduced to writing; she was asked whether on that occasion she mentioned the name of one "Morris." It was not error for the court to direct that the witness be allowed to inspect the writing before answering, although it appears on inspection that the name "Morris" was not contained in the writing.

DEGREE OF CRIME.—A defendant charged with stealing from the person, may be convicted either of larceny, or of larceny from the person, if the

facts charged in the indictment are sufficient to include both degrees of crime.

*M. F. Mulky,* District Attorney.

*Mitchell & Dolph,* for the defendant.

The defendant, having been convicted of the crime of larceny from the person, moved for a new trial.

The following opinion was filed, overruling the motion.

UPTON, J. It is assigned as error that the witness, Mrs. Rolff, was allowed to state a conversation between herself and the defendant, in which she told what was said between herself and one Roberts. In detailing the latter conversation, she declared that she told the defendant that she offered said Roberts a watch, $100, and a ticket to San Francisco, if Roberts would leave the State before this trial; and that Roberts refused to accept the offer. The defendant objected that the transaction was criminal, and that there can be no agency in the commission of crime, and Mrs. Rolff could not make the offer as the defendant's agent. I think the conversation was properly admitted, without reference to the question of agency. It was a conversation between the witness and the defendant; and the defendant's answers to the witness could not be fully understood, without giving what the witness had said to him. The evidence was material, for the purpose of showing whether or not the defendant had attempted to suppress evidence.

It is also assigned as error that the court refused to permit the defendant to cross-examine Mrs. Rolff as to her testimony on a former occasion, without permitting her to examine the written deposition taken on that occasion. The defendant admits the general rule, that a witness cannot be examined as to the contents of a written instrument, without submitting the writing for inspection, but claims that the point here made is not within the rule. He asked whether she spoke of one "Morris" on that occasion, and he now claims that the name Morris does not occur in the deposition, and claims that he was deprived of his right to test the strength of her recollection.

If this constitutes an exception to the general rule, it would follow that a witness could be asked, in regard to any supposed statement and the admissibillity of the question, without an inspection, would depend on whether or not the language referred to was contained in the instrument or writing. I cannot see that the proposed question is an exception to the general rule. The foundation of the rule is, that the writing is the best evidence; and a sufficient reason for applying it to cross-examinations is, that few if any persons have memory sufficient to endure such a test as is here proposed. Besides this, it very seldom occurs, in reducing conversation or testimony to writing, that all that is said orally is placed on paper in the order in which it is uttered, and the writer does not always use the identical words uttered by the witness. It would therefore give the cross-examiner an unfair and unreasonable advantage of a witness, to permit him to examine with the writing in his hand, without permitting the witness to inspect it—and afterwards to read it to the jury as a higher class of evidence of what was said on the former occasion.

It is also assigned as error that the jury was instructed that the facts stated in this indictment were sufficient to constitute larceny from the person; and also that the facts set forth in, this indictment are sufficient to include the crime of simple larceny.

There is a form given in the Code, for larceny in a dwelling, that omits] to state the value of the property stolen; and I think under that form of indictment a conviction of simple larceny could not be sustained; but if the value of the property be also alleged, the indictment will charge all the facts that constitute the latter crime. Larceny from the person is a higher degree of crime than simple larceny. This indictment charges larceny from the person, and in doing so, it charges all the facts that constitute simple larceny, and I think the latter crime is in this case necessarily included in that with which the defendant is charged.

The motion for a new trial must be overruled.