## THE STATE OF NEVADA, Respondent, *v.* AH SAM AND AH SEE, Appellants.

INDICTMENT FOR BURGLARY CHARGING ALSO LARCENY.    A    indictment for burglary with intent to steal certain goods, which after stating the burglary goes on to allege the stealing of the goods, is not objectionable as charging two separate and distinct offences.

DEMURRER TO INDICTMENT—GROUNDS TO BE DISTINCTLY SPECIFIED.    It seems that a demurrer to an indictment " that it charges two separate and distinct offences " is objectionable, for the reason that it does not distinctly specify the grounds of objection as contemplated by the statute relating to criminal practice, Stats. 1861, 465, Sec. 287.

APPEAL from the District Court of the Second Judicial District, Douglas County.

The defendants, after the overruling of their demurrer, pleaded

not guilty.    Being convicted, they were sentenced to imprisonment in the state prison for four years.    Their appeal was from the judgment.

*George P. Harding,* for Appellants.

The indictment charges with sufficient legal certainty two separate and distinct offences, which should not have been united in the same indictment under our laws.    Stats. 1861, 465, Section 286, sub. 3.    Under a criminal code similar to ours, it was held that an indictment in substance like this would be bad on demurrer.    *People* v. *Garnett*, 29 Cal. 625 ; *People* v. *Burgess*, 35 Cal. 118.

*L. A. Buckner,* Attorney General, for Respondent.

By the Court, WHITMAN, J.:

Appellants were charged with the crime of burglary " committed as follows, to-wit:    The said Ah Sam and Ah See did, at the residence of J. W. Averill, in the county of Douglas, state of Nevada, on the night of the seventeenth day of November, A. D. 1870, at eleven o'clock of the night time of said day, feloniously, burglariously, and forcibly break open and enter the said dwelling house of said J. W. Averill, with the intent the goods and chattels of him, said J. W. Averill, in said dwelling house then and there being, then and there feloniously and burglariously to take, steal and carry away ; and one clock of the value of eight dollars, and forty pounds of butter of the value of twenty dollars, and one lot of sugar of the value of fifteen dollars, and one lot of can fruit of the value of ten dollars, and one lot of candles of the value of five dollars, of the personal property of the said J. W. Averill, then and there the said Ah Sam and Ah See did feloniously steal, take and carry away "    *    *    *.

The statute of this state defines burglary thus :    " Every person who shall in the night time forcibly break and enter, or without force (the doors or windows being open) enter into any dwelling house, or tent, or any other house or building whatever, with intent to commit murder, robbery, rape, mayhem, larceny or other felony, or petit larceny, shall be deemed guilty of burglary "    *    *    *    .

Stats. 1869, 65. So this indictment would appear to be good, unless open to the objection taken by appellant's demurrer, which is "that said indictment charges two separate and distinct offenses. The demurrer is in the exact language of the statute, but the same statute also provides that the " demurrer must distinctly specify the grounds of objection to the indictment, or it shall be disregarded." Stats. 1861, 465, Section 287.

It would, to say the least, be better practice to call the attention of the court to the exact point of objection. To say that two offenses are charged, and there stop, is to put upon the court the duty, if the demurrer be regarded, of searching the indictment for the error, which is not its province. However that may be, it will be assumed for the purpose of this decision, as it was upon the argument of the case, that the demurrer objects that the indictment charges burglary and larceny. The district court overruled the demurrer, and that is charged as error.

To sustain this position reference is made to *People* v. *Garnett*, 29 Cal. 625, and *People* v. *Burgess*, 35 Cal. 118. It would be, perhaps, sufficient to say that the point did not arise in either of those cases; but yet, as their dicta are clearly with the appellants, they may be taken with the respect always due to the utterances of a learned tribunal. Yet the authorities, admitting the cases cited to be decisions in point, are all the other way. The cause of demurrer allowed by the statute is simply declaratory of the pre-existent general rule of practice in cases of felony, and under that rule, indictments like the present upon like objections made have uniformly been held good. 1 Wheaton Am. Crim. Law, Sec. 383; 1 Russell, 824; *Com.* v. *Tuck*, 20 Pick, 356; *State* v. *Ayer*, 3 Foster, N. H. 301; *Storps* v. *Com.*, 7 S. & R. 491; *Com.* v. *Hope*, 22 Pick. 1; *State* v. *Brady*, 14 Vt. 353; *State* v. *Squires*, 11 N. H. 37; *State* v. *Moore*, 12 N. H. 42.

Some of these cases discuss the subject very elaborately, and even if one should doubt, with Mr. Bishop, as to the absolute propriety of the result attained, still the matter must be regarded as settled law.

Therefore the district court committed no error, and its judgment is affirmed.