<hr />

## BROWN *v.* THE STATE.

1. Under an accusation which charges in the terms of the statute larceny from the house of certain hens and a rooster, a conviction may be had for simple larceny, the latter offence being included in the former.

2. A charge in the accusation that the defendant did unlawfully, wrongfully and fraudulently, after entering the house of a person named, privately steal therefrom five black hens and a black rooster of the value of seventy-five cents each, the property of said person, sufficiently alleges a larceny of the property to uphold a conviction for simple larceny.

October 8, 1892.

Criminal law. Larceny. Indictment. Before Judge Ross. City court of Macon. June term, 1892.

JOHN R. COOPER, by brief, for plaintiff in error.

W. H. FELTON, Jr., solicitor-general, by brief, *contra*.

SIMMONS, Justice.

The defendant in the court below was found guilty of simple larceny, under an accusation charging him with larceny from the house in that he did "unlawfully, wrongfully and fraudulently, after entering the house of J. R. Churchill, privately steal therefrom five black hens and one black rooster, of the value of seventy-five cents each, of the personal goods of the said J. R. Churchill, contrary to the laws of said State," etc. It was contended in behalf of the accused that where the offence charged is larceny from the house, a conviction for simple larceny cannot be had.

Simple larceny, as defined by our code, is "the wrongful and fraudulent taking and carrying away by any person of the personal goods of another, with intent to steal the same." (§4392.) This offence was sufficiently covered by the language of the accusation. The larceny as charged consisted of a simple larceny and an aggravating fact, to wit, the taking from the house. The evidence established the simple larceny, but failed to establish the aggravating fact, the proof showing that the property was taken from the owner's premises, but not showing that it was taken from the house. The larceny proved and for which the conviction was had, contained no element that was not included in the larceny as charged, and was a lesser offence, though both

were misdemeanors and the limit of the statutory penalty as to each offence was the same. We therefore hold that the conviction was legal.

The case falls within the principle of the decisions of this court holding that under an indictment for burglary a conviction may be had for larceny from the house, if the larceny is sufficiently charged. *Polite* v. *The State*, 78 *Ga.* 347; *Williams* v. *The State*, 60 *Ga.* 88. On this subject see also the following: 1 Bish. Crim. Law, §§794–6; 7 Crim. Law Mag. & Rep. 158, 160, and cases cited; Borum *v.* The State, 66 Ala. 468; State *v.* Brannon, 55 Mo. 63, 17 Am. Rep. 643; Commonwealth *v.* Hope, 22 Pick. 1; State *v.* Brady, 14 Vt. 353; Clarke *v.* Commonwealth, 25 Gratt. 908; Wyatt *v.* State, 1 Blackf. 257; State *v.* Taylor, 3 Oreg. 10; State *v.* Eno., 8 Minn. 220, 224; Stevens *v.* State, 23 N. W. Rep. 304 (Neb.); People *v.* McGowan, 17 Wend. 386.

*Judgment affirmed.*