## LAVENDER *v.* THE STATE.

Under an accusation which charges in terms of the statute a larceny from the person of ten dollars in money, a conviction may be had for simple larceny, as the latter offense is included in the former. LITTLE, J., dissenting.

Argued May 15, — Decided May 29, 1899.

Accusation of larceny from the person. Before Judge Calhoun. Criminal court of Atlanta. March term, 1899.

*S. C. Crane* and *J. L. Cobb,* for plaintiff in error.
*James F. O'Neill, solicitor,* contra.

COBB, J. Lydia Lavender was arraigned in the criminal court of Atlanta, upon an accusation charging her with larceny from the person of the prosecutor of the sum of ten dollars. Upon the trial the evidence showed that the money which was the subject of the larceny was not taken from the person of the prosecutor but from his clothes where he had laid them aside in the room of the accused. The jury returned a verdict finding the accused guilty of simple larceny. A motion for a new trial was made, upon the sole ground that under a charge of larceny from the person there could be no conviction for simple larceny. This motion was overruled, and the accused excepted. In *Brown* v. *State,* 90 *Ga.* 454, it was held that under an accusation charging larceny from the house a conviction might be had of simple larceny, as the latter offense was included in the former. Justice Simmons in the opinion said: "The larceny as charged consisted of a simple larceny and an aggravating fact, to wit, the taking from the house. The evidence established the simple larceny, but failed to establish the aggravating fact, the proof showing that the property was taken from the owner's premises, but not showing that it was taken from the house." The reasoning of Justice Simmons applies equally to the present case, where the accusation charged simple larceny and an aggravating fact, to wit, the taking from the person of the prosecutor. The evidence established the simple larceny, but the aggravating fact was not proved. If in the one case there could be a lawful conviction of simple larceny, there does not seem to be any good reason

why there could not be in the other. See, in this connection, *Roberts* v. *State*, 83 *Ga.* 369; *Gardner* v. *State*, 105 *Ga.* 662; *Williams* v. *State*, Id. 743.

While some of the language of Chief Justice Warner in the case of *King* v. *State*, 54 *Ga.* 184, is not altogether in accord with what is ruled in the present case, there is really no conflict between the two cases. King was indicted under section 4406 of the Code of 1873, which declared that any person taking and carrying away any paper securing the payment of money, with intent to steal the same, should be guilty of a simple larceny and be punished as for a felony. Upon the trial it appeared that the accused had committed the offense of larceny from the person, which was a misdemeanor. The court properly held that evidence showing the accused to be guilty of a misdemeanor would not justify his conviction for a felony. In the present case the offense with which the accused was charged in the accusation, as well as the offense for which she was convicted, was a misdemeanor. Penal Code, §§ 174, 176.

*Judgment affirmed. All the Justices concurring, except Little, J., who dissented.*