## BLANDFORD *v.* THE STATE.

1. A conviction of simple larceny, under an indictment charging one with the offense of larceny from the house, may lawfully be had, when the evidence introduced is sufficient to show that the accused wrongfully and fraudulently took and carried away the property which the indictment alleges was contained in the house ; because the distinct offense of simple larceny is involved in the crime of larceny from the house. But such a conviction is wholly unsupported by evidence which tends to show that the accused took and carried away from a different place similar but entirely distinct property from that referred to in the indictment.
2. The trial judge erred in overruling the certiorari.

Argued June 16, — Decided July 17, 1902.

Certiorari.    Before Judge Butt.    Marion superior court.    April 30, 1902.

*B. S. Miller,* for plaintiff in error.
*S. P. Gilbert, solicitor-general,* and *W. B. Short,* contra.

LITTLE, J.    Blandford was indicted for the offense of larceny from the house, and it was charged that he, " on the 12th day of November, in the year of our Lord one thousand, eight hundred, and ninety-seven, in the county [of Marion], did break and enter the house, the same being the cotton-house of M. Hair, in said county situate, and three hundred pounds of seed-cotton of the value of six dollars, of the personal goods of M. Hair, in said house then and there being found, did then and there unlawfully, fraudulently, and privately take, steal, and carry away," etc.    The case was transferred to the county court of Marion county, and a trial was there had which resulted in his conviction of the offense of simple larceny.    He presented a petition for certiorari to the judge of the superior court, which was sanctioned ; and on a hearing the certiorari was overruled, and the defendant excepted.  · The errors alleged to have been committed in the trial court are, that the court erred in refusing to grant a continuance of the case, on the motion of the accused, for reasons set out in the petition ; that the judge of the county court committed error in overruling a challenge to the array of jurors when the same was put on the accused ; and that the trial judge also erred in admitting certain evidence over the objection of the accused, and also refused to. rule out the same.    It is also averred in the petition that the verdict rendered

in the county court was contrary to law and the evidence, and without evidence to support it. Inasmuch as we reverse the judgment overruling the certiorari, and base that reversal on the ground that the verdict was contrary to the evidence in the case, we do not deem it necessary to formally consider and pass on the other grounds of error assigned in the petition, as the occurrences complained of are not likely to take place on another trial, and a discussion of the points made in the other grounds would serve no good purpose in determining the merits of the case presented by the record. That ground of the motion which complains of the rejection of evidence is necessarily involved and passed upon in the ruling which we make, that the verdict rendered was contrary to the evidence. It will be observed that the bill of indictment charged the plaintiff in error with the offense of larceny from the house, and the specification of this charge is that he wrongfully, fraudulently, and privately took and carried away from a certain cotton-house of Hair a quantity of cotton belonging to Hair, and of a named value. There was no evidence which either sustained this charge or tended to show that the accused was guilty of the charge made. Substantially the evidence showed that there was no cotton in this house at the time the offense was charged to have been committed; that previously cotton belonging to a tenant of Hair had been stored in this house, but that it had been taken out by the tenants and carried away to be ginned. The prosecutor himself testified that he could not say that the accused took and carried away any cotton from that house. The evidence, however, established the fact that at a point very near a public road, distant about a mile from the cotton-house, the tenants and laborers of the prosecutor had placed a large pile of cotton which they had gathered from the adjacent field; that this cotton belonged to the prosecutor; and it is claimed that the evidence is amply sufficient to show that the accused did take and carry away from this pile a quantity of cotton, with intent to steal the same. The solicitor-general who prosecuted the case makes this point in his brief: "The facts show that the accused was charged with stealing certain cotton from a cotton-house, and the evidence shows that the accused did steal said cotton on the 'place' of the same owner, but not in the cotton-house. The evidence amply warrants the verdict of simple larceny, . . [and] it is not an open question as

to whether a verdict for simple larceny can legally be returned under a charge of larceny from the house." So the question presented is, whether one who has been charged with the larceny of particular property from a house can be legally convicted of stealing other property of a similar kind, not in a house, and at a place distant from the house described in the indictment.

One of the elementary principles relating to criminal evidence is, that the corpus delicti as laid in the indictment must be satisfactorily established by evidence either direct or circumstantial. If the position contended for by the State's counsel be a sound one, it would, when carried to a legitimate conclusion, establish the proposition that a man might be indicted for the larceny of one piece of property, and lawfully convicted under that indictment for stealing an altogether different piece of property. We are cited to the case of *Brown* v. *State*, 90 *Ga.* 454, as authority for the position taken. It was ruled in that case simply that under an accusation which charges, in terms of the statute, larceny from the house, of certain hens and a rooster, a conviction may be had for simple larceny. The offense charged by the indictment in that case was the stealing from the hen-house of Churchill five black hens and one black rooster. Our present Chief Justice, in delivering the opinion in that case, said: "The larceny as charged consisted of a simple larceny and an aggravating fact, to wit, the taking from the house. The evidence established the simple larceny, but failed to establish the aggravating fact, the proof showing that the property was taken from the owner's premises, but not showing that it was taken from the house. The larceny proved, and for which the conviction was had, contained no element that was not included in the larceny as charged, and was a lesser offense." The conviction of simple larceny was upheld in that case, but there is no similarity between the principle ruled in the *Brown* case and that contended for in the present case. In the former, Brown was convicted of simple larceny because the evidence showed that he stole the chickens described in the indictment. He could not have been convicted of larceny from the house, because the evidence failed to show that these chickens were stolen by him from the house; but he could not have been convicted of simple larceny unless the evidence had showed that the particular property which it was charged that he stole from the house was in fact stolen by him. The evidence in

the present case entirely failed to show that there was any cotton in the cotton-house which could have been the subject-matter of the larceny. Not only so, but it is conceded that if the defendant stole any cotton at all it was not the cotton which had been stored in the cotton-house; and while it is a sound proposition that under a bill of indictment charging larceny from the house one can be convicted of simple larceny, if the proof authorize it, necessarily that proposition is only sound when the subject of the larceny is the particular property named in the indictment, alleged to have been stolen from the house. See *Roberts* v. *State*, 83 *Ga.* 369; 1 Roscoe's Cr. Ev. 521; *Lavender* v. *State*, 107 *Ga.* 707. In the present case, assuming that the evidence was sufficient to show that the accused was guilty of a larceny of the cotton piled on the side of the road a mile distant from the house in which it was alleged that the cotton he stole was contained, it was nevertheless a totally different and distinct transaction from that charged in the indictment. If the evidence had shown a theft of the cotton which was stored in the cotton-house, but failed to show that it was taken under such circumstances as would have made it larceny from the house, then a conviction of simple larceny might be upheld, because the proof would then have referred to that particular cotton which was designated in the indictment as having been stolen. But neither under an indictment for larceny from the house nor for any other kind of a larceny can the accused be lawfully convicted on proof of the commission of another distinct offense. For these reasons the trial judge erred in overruling the certiorari, and his judgment is

　*Reversed. All the Justices concurring, except Lewis, J., absent.*