## 1691.  THOMAS v. THE STATE.

A defendant may be convicted of simple larceny on an indictment charging larceny from the person. Hence, if a defendant is acquitted under an indictment charging him with larceny from the person, he can not, as against a plea of former jeopardy, be put to trial for the same transaction under another accusation, charging him with simple larceny.

Indictment for larceny from person, from city court of Albany —Judge Crosland.  December 17, 1908.

Submitted March 9,—Decided March 16, 1909.

R. J. Bacon, for plaintiff in error.

J. D. Pope, solicitor, contra.

POWELL, J.  The defendant was indicted for larceny from the person.  The privacy of the taking is an essential element in this offense.  The State failed to show this element, and a verdict of not guilty was returned, under the direction of the court.  The State's counsel thereupon prepared another accusation against the defendant, charging the same transaction as a simple larceny. The defendant pleaded in bar the former jeopardy.  The court sustained a general demurrer to the plea.

It was held in Lavender v. State, 107 Ga. 707 (33 S. E. 420), that a defendant might be convicted of simple larceny under an indictment charging him with larceny from the person.  The State's counsel, in his brief in this court, concedes that this principle, if adhered to, would control the case in the defendant's favor, and asks that it be certified to the Supreme Court for review.  We decline this request.  We think the Lavender case is correct in principle, and should not be overruled.

*Judgment reversed.*

---

## 1692.  JORDAN v. THE STATE.

HILL, C. J.  No error of law is complained of, and the verdict is supported by the evidence.    *Judgment affirmed.*

Indictment for unlawful sale of liquor, from Grady superior court—Judge Worrill.  January 13, 1909.

Submitted March 9,—Decided March 16, 1909.

J. Q. Smith, for plaintiff in error.

W. E. Woolen, solicitor-general, contra.