## 19225. MITCHELL v. THE STATE.

PER CURIAM. 1. The evidence amply authorized, if it did not demand, the verdict, and the court did not err in overruling the general grounds of the motion for a new trial.

2. Having been charged with murder and convicted of involuntary manslaughter, the defendant can not complain of alleged errors in the court's charge upon the law of murder. *Jordan* v. *State*, 22 *Ga.* 545 (9); *Goss* v. *State*, 14 *Ga. App.* 402 (2) (81 S. E. 247); *Thompson* v. *State*, 24 *Ga. App.* 144 (2) (99 S. E. 891); *Nichols* v. *State*, 35 *Ga. App.* 399 (2-a) (133 S. E. 266).

3. When the entire charge is considered in the light of the facts of the case, the jury were clearly informed by the court that the defendant would not be guilty unless she was under a legal duty to care for and protect the infant. Moreover, under the undisputed evidence a finding was demanded that the defendant, the great-grandmother of the infant, was under such duty; and, even if the charge was error, the error was harmless.

4. The other special grounds are without merit, and for no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

DECIDED JANUARY 15, 1929.

*R. D. Feagin, C. D. Irwin,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.

LUKE, J. The indictment in this case charged Ann Mitchell and Annie Jane Dawson jointly with murdering the newly-born, illegitimate infant of said Annie Jane Dawson, by "neglect and mistreatment," in order to conceal the fact that the child was born, in that, "directly after the birth of said infant, it was allowed to fall to the floor, and was otherwise beaten and bruised" by said parties, and that, "shortly after its birth, it was subjected to exposure by said accused . . . , who placed said infant, naked and unwashed, in a coarse sack, and deposited it on the wet ground in an outhouse on the premises of Ann Mitchell, at whose residence said baby was born;" and that said infant died on March 13, 1928, as a result of said mistreatment and neglect. The jury found the defendants guilty of involuntary manslaughter, with a penalty of three years. Ann Mitchell filed a motion for a new trial, based upon general grounds and six special exceptions to the charge of the court.

Without attempting to state the evidence in the case, it might be well to say that Ann Mitchell was the grandmother of Annie Jane Dawson; that the latter was single and sixteen years of age when her child was born; that Annie Jane's mother was living a short distance from Ann Mitchell's house, but that the child was born at the home of the latter; and that the infant died about a day and a half after its birth.

Special ground 4 complains of the following excerpt from the charge of the court: "If you do not believe the death of the infant was due to the wilful omission of the grandmother's duty to preserve and protect the life of the infant, but you do believe beyond a reasonable doubt the grandmother is guilty of neglect, though not wilful and malicious, and without intending to destroy the life of the child, and such negligence did not naturally tend to destroy the life of the infant, and the infant died, the grandmother would not be guilty of murder, but would be guilty of involuntary manslaughter in the commission of an unlawful act, and it would be your duty to so find."

I think this excerpt is subject to the objection that it strongly raises the implication that Ann Mitchell would be guilty of involuntary manslaughter for mere neglect of the infant, irrespectively of whether or not she was under a legal duty to care for and protect it. The following language appears in the case of *Lewis*

v. *State,* 72 *Ga.* 164 (1) : ":Death ensuing in consequence of the wilful omission of a duty is murder; death ensuing in consequence of the negligent omission of a duty is manslaughter." Ann Mitchell's legal responsibility for the death of the infant, in so far as negligence on her part is concerned, can only be predicated upon a breach of legal duty on her part to protect and care for it. If there was no duty, there was no breach. I think the excerpt under consideration violates the law in the respect indicated, and was, for that reason, reversible error.

I have studied carefully the charge of the court to ascertain if the error indicated was cured by other instructions, and have concluded that it was not. I reach this conclusion notwithstanding the fact that the court charged the jury in substance that if they believed Ann Mitchell assumed the control and care of the infant, and was in duty bound to preserve and protect its life, they might find her guilty of murder if the infant died in consequence of a wilful omission on her part to perform such duty; and notwithstanding the instruction towards the end of the charge that neither defendant would be guilty of any offense if the jury determined "there had been no omission of duty, or acts of commission directed maliciously against the life of the child."

I do not concur with my associates in their conclusion that the undisputed evidence demanded a finding that Ann Mitchell was under a legal duty to care for and protect the infant. I think the court committed reversible error in overruling special ground 4 of the amendment to the motion for a new trial. Therefore I dissent from the ruling announced in paragraph 3 of the majority opinion. I dissent also from the first paragraph in so far as it indicates that the evidence demanded the verdict.