26695. FULLER *v.* THE STATE.

DECIDED APRIL 19, 1938.

R. C. Jenkins, for plaintiff in error.

C. S. Baldwin, solicitor-general, contra.

MACINTYRE, J. ■ Larceny from the house is a compound larceny. *Cannon* v. *State*, 125 *Ga.* 785 (54 S. E. 692). "In indictments for compound larceny, the allegations in reference to the aggravating fact serve to individualize the transaction, and a more general description of the property is permissible in such cases than would be permitted in indictments for simple larceny." *Melvin* v. *State*, 120 *Ga.* 490 (48 S. E. 198). In the instant case the indictment charged that the defendant "did enter the *blacksmith-shop* house of one *J. E. Fears,* and after so entering did unlawfully, wrongfully, fraudulently, and privately take and carry away therefrom, *one iron anvil, two buggy-axles and the front springs and back springs from a buggy, and two forge grates,* of the per-

sonal goods of one *J. E. Fears.*" The description of the property alleged to have been stolen was sufficiently full to withstand a special demurrer on the ground that the description was too vague and indefinite. *Blackmon* v. *State,* 24 *Ga. App.* 384 (100 S. E. 730).

■ "A conviction of simple larceny under an indictment charging one with the offense of larceny from the house may lawfully be had, when the evidence introduced is sufficient to show that the accused wrongfully and fraudulently took and carried away the property which the indictment alleges was contained in the house; because the distinct offense of simple larceny is involved in the crime of larceny from the house." *Blandford* v. *State,* 115 *Ga.* 824 (42 S. E. 207) ; *Brown* v. *State,* 90 *Ga.* 454 (16 S. E. 204).

■ This is not a case where the possession was shown by the uncontradicted and unimpeachable evidence to be lawful, and consistent with the defendant's innocence of simple larceny. The defendant claimed as his corroborating witness a negro woman about eighty years old, from whom he claimed to have bought the stolen property found in his possession after the theft. The jury were authorized to draw the inference from her statement, taken in connection with all the other facts and circumstances disclosed by the evidence, that the defendant devised a scheme in advance by which he was attempting to cover up and disguise his wrongful taking and carrying away, with intent to steal, the property of the prosecutor. *Tate* v. *State,* 47 *Ga. App.* 784 (171 S. E. 557).

■ In this case the indictment was for larceny from the house. The judge charged the jury on the greater offense of larceny from the house, and also charged on the lesser offense of simple larceny. The verdict was for simple larceny. Since the evidence warranted the verdict for the lesser offense, the defendant can not complain of the charge of the greater offense, and this court can not grant a new trial even though we might think the defendant guilty of the greater offense. *Jordan* v. *State,* 22 *Ga.* 545 (9) ; *Mitchell* v. *State,* 39 *Ga. App.* 100 (146 S. E. 333) ; *Goldsmith* v. *State,* 54 *Ga. App.* 268, 272 (187 S. E. 694).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*