31886. LEWIS *v.* THE STATE.

DECIDED MARCH 19. 1948.

*George C. Nicholson, Thomas L. Hill*, for plaintiff in error.
*George Hains, Solicitor-General*, contra.

MACINTYRE, P. J. The defendant, Tom Lewis, was tried on an indictment charging him with assault with intent to murder. Upon the trial the accused was convicted of unlawfully shooting at another; his motion for a new trial was denied, and that judgment is assigned as error.

1. The defendant "insists that the court committed reversible error in omitting from his charge to the jury and in his failure to charge the jury fully and fairly the respective contentions of the State and the accused." While it is the duty of the judge in the trial of a criminal case to state both the contentions of the State and of the defendant, nevertheless, in the absence of a written request for fuller instructions, a charge by the judge—that "the grand jury in this county has returned a bill of indictment against the defendant charging him with the crime of assault with intent to commit murder and to that indictment he pleads not guilty and that makes up the issue to be tried. Now, gentlemen of the jury, the burden is upon the State to prove every material allegation in this bill of indictment against the defendant to a moral and reasonable certainty and beyond a reasonable doubt before you would be authorized to convict him"—sufficiently presents the issue. *Faison v. State*, 13 *Ga. App.* 180 (79 S. E. 39); *Crowe v. State*, 37 *Ga. App.* 828 (2) (142 S. E. 306); *Prior v. State*, 74 *Ga. App.* 226 (39 S. E. 2d, 559).

" 'A trial judge must correctly and fairly present to the jury the contentions of the defendant if he attempts to state them, but he is not required to denominate reasons which would authorize a jury to acquit the defendant, and which as matters of law, are fairly presented in his instructions to the jury, as contentions of the defendant.' " *Henry v. State*, 74 *Ga. App.* 378, 379 (39 S. E. 2d, 729). This ground is not meritorious.

2. Special ground two complains of an alleged error by the court in repeating the form of the verdict for an assault with intent to murder. The accused, having been charged with an assault with intent to murder, but having been convicted of unlawfully shooting at another, was thereby acquitted of the former offense. As a result, the defendant cannot complain of an alleged error in the court's charge which is solely applicable to the crime of which he has been acquitted, for such error, if any, could not prejudice or injuriously affect his rights in regard to the crime of which he was actually convicted. *Goss v. State*, 14 *Ga. App.* 402 (81 S. E. 247); *Mitchell v. State*, 39 *Ga. App.* 100 (146 S. E. 333); *Goldsmith v. State*, 54 *Ga. App.* 268, 272 (187 S. E. 694).

3. In his certification of the assignment of error in special

ground three, the judge states that counsel for the accused requested the court to charge the principle of law alleged by this exception to be an error in the charge to the jury. A party cannot obtain a reversal for an error which he has invited by a request to charge; therefore the defendant cannot complain of the charge assigned as error in this ground. *Polk* v. *State*, 148 *Ga.* 34 (4) (95 S. E. 988).

4. Special ground five in its entirety is as follows: "Movant insists that the court committed reversible error by omitting from his charge to the jury the subject of reasonable fear." This ground does not set out literally or in substance what law should have been charged, nor does it set out how and wherein it was prejudicial to the defendant to fail to give such charge. Neither is there any assignment of error because the court failed to give a stated charge which the accused said should have been given. Therefore this ground of the amended motion for a new trial, because of its incompleteness, raises no question for the determination of this court.

5. Under the testimony of the prosecutor, the defendant shot him without justification or excuse, and a verdict of assault with intent to murder would have been authorized. Under the defendant's statement and some of the testimony of the defendant's witnesses, the jury would have been authorized to find him not guilty.

However, under one phase of the evidence, the jury were authorized to find: that the prosecutor and his wife had separated, and that she was at the home of a woman by the name of Hawkins; that when he went to the Hawkins woman's home, he saw the defendant and the defendant ran; that a few minutes thereafter, the defendant and two other negroes were standing on the street talking, when the prosecutor came up to where they were standing and took after the defendant with a knife; that the defendant told him to get back, but the prosecutor kept on coming; and that the defendant shot three times.

When the defendant shot the prosecutor, the prosecutor called, "Carry me to the hospital." When he was shot the third time, he had turned around and was moving away from the defendant toward a crowd on the street. Under this phase of the evidence, the jury were authorized to find that, if the prosecutor had died,

the defendant would have been guilty of voluntary manslaughter; but he not having died, they were authorized to find that the defendant was guilty of unlawfully shooting at another.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*