34192, 34193. STANLEY *v.* CHITWOOD (two cases).

WORRILL, J. 1. Special grounds of a motion for new trial must be complete and understandable within themselves without the necessity of reference to other special grounds of the motion, the brief of the evidence, or other parts of the record to understand them. This general principle is so well established as to need no citation of authority. See, however, the numerous cases cited under the catchword "Completeness" in Code (Ann.), § 70-301, and particularly *Tarver* v. *Deppen*, 132 *Ga.* 798 (3, 4) (65 S. E. 177); *Price* v. *State*, 170 *Ga.* 294 (3) (152 S. E. 572); *Perdue & Pace* v. *Hurst*, 24 *Ga. App.* 239 (1) (100 S. E. 647); *Stubbs* v. *State*, 29 *Ga. App.* 193 (1) (114 S. E. 926); *Bray* v. *C. I. T. Corporation*, 51 *Ga. App.* 196 (4) (179 S. E. 925); *James* v. *State*, 71 *Ga. App.* 867, 871 (32 S. E. 2d, 431); *Sloan* v. *Glaze*, 72 *Ga. App.* 415 (4), 418 (33 S. E. 2d, 846); *Kittles* v. *State*, 74 *Ga. App.* 383 (2) (39 S. E. 2d, 766). Consequently, special ground 1 of the motion for new trial excepting to the admission of evidence without setting out the evidence objected to or a copy of the document admitted either in the ground itself or as an exhibit to the motion, and which does not set forth how the evidence was material or how or why it was prejudicial; and special grounds 2, 4 and 6 complaining of the failure of the court to charge certain principles of law, but which fail to set forth literally or in substance the wording of the charges desired; and special ground 5 complaining of a portion of the

charge as given as being erroneous and not sound as an abstract principle of law, but which fails to set forth how or wherein the charge was hurtful or prejudicial to the movant, are too incomplete to be considered by this court.

2. Special ground 3 is merely an elaboration of the general grounds. The jury were authorized to find that the defendant Stanley drove his automobile on the left-hand side of the road at a rate of speed of 50 or 60 miles per hour and collided head-on with the plaintiffs' automobile which had been pulled to the extreme edge of the roadway and brought to almost a complete halt in an effort to avoid the collision, and that injuries to Mrs. Chitwood, who was riding as a passenger in the automobile driven by her husband, the other plaintiff, were of a serious and permanent nature. The evidence amply supported the allegations of negligence and authorized the verdicts.

*Judgments affirmed. Sutton, C.J., and Felton, J., concur.*

DECIDED OCTOBER 17, 1952.

*Edwin S. Kemp, F. A. Sams,* for plaintiff in error.
*Robert B. Blackburn, Hewlett, Dennis, Bowden & Barton,* contra.