## 34873. CLARK *v.* THE STATE.

CARLISLE, J. 1. An indictment (omitting the formal parts) which charges that the accused, on November 9, 1952, in Hancock County, Georgia, did "enter the storehouse of one Madie Wynn, and after so entering did unlawfully, wrongfully, fraudulently, and privately take and carry away therefrom 347 pounds of seed cotton of the personal goods of one Madie Wynn of the value of forty-five and 11/100 dollars, with intent to steal the same," is not subject to general or special demurrer on the grounds that it is too vague, indefinite, and uncertain to place the defendant on notice of what he is called upon to defend, or that it contains an insufficient description of the offense, or that it contains an insufficient description of the articles alleged to have been stolen. The crime charged is that of larceny from the house, which is a compound larceny, not simple larceny, and the allegations relating to the aggravating fact serve to individualize the transaction, so as to put the defendant on notice of what he is called upon to defend, and in such cases a more general description of the property alleged to have been stolen is permissible than would be permitted in indictments for simply larceny. *Fuller* v. *State,* 57 *Ga. App.* 809 (197 S. E. 58), and citations.

2. In the sole special ground of the amended motion for a new trial, error is assigned upon the court's instructing the jury on the question of the defendant's *exclusive* possession of the recently stolen personal property, on the ground that there was no evidence to authorize the jury to find that the property was in the exclusive possession of the defendant. In view of the evidence that a part of the cotton alleged to have been stolen was found the day following the alleged theft in a sack, which the prosecutrix identified as hers, in a barn, which a witness for the State referred to as the defendant's barn, and which the defendant in his statement to the jury referred to as "my barn," the jury was authorized to find that the cotton in such barn was in the exclusive possession of the defendant. See, in this connection, *Cheatham* v. *State,* 57 *Ga. App.* 858 (197 S. E. 70). This ground is without merit.

3. The jury was authorized to find that a part of the cotton alleged to have been found in the defendant's barn on the day following the alleged theft of it from the prosecutrix's storehouse; that the cotton was in a sack or bag which the prosecutrix positively identified as her own and which she testified was stored, with the cotton in it, in her storehouse on the day prior to the alleged theft; and that this

858

possession of a portion of the recently stolen cotton by the defendant, without explanation, justified his conviction of larceny from the house. The evidence authorized the verdict. *McGruder* v. *State*, 71 *Ga.* 864; *Lee* v. *State*, 57 *Ga. App.* 168 (194 S. E. 843).

The trial court did not err, for any reason assigned, in overruling the demurrers to the indictment, nor in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 9, 1953.

*Lewis & Rozier, J. D. Godfrey, Casey Thigpen,* for plaintiff in error.

*George D. Lawrence, Solicitor-General,* contra.