### 37193. GUTHRIE *et al. v.* LUKE.

FELTON, Chief Judge. 1. The act of 1952 (Ga. L. 1952, pp. 177, 178) provides, "1. Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event shall be admissible in evidence in proof of said act, transaction, occurrence or event, if the trial judge shall find that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. . . 3. This Act shall be liberally interpreted and applied."

In the instant case the original books and records of the plaintiff relating to the act sued on were introduced in evidence and while there was no testimony directly that such books and records were kept and made in the regular course of business, the testimony of two witnesses for the plaintiff concerning their keeping authorized such a finding, especially where there was no objection to the introduction of the books and records on the ground that it was not shown that they were kept in the regular course of business. Therefore, the evidence authorized the verdict for the plaintiff.

2. The special ground of the amended motion for a new trial which stated, "Movants say that a new trial should be granted to movants for the reason that the court failed to charge any law pertaining to the case on trial, charging merely general law as to the burden of proof and the degree of proof required and other general matters, but failing to-charge any specific law relating to this particular cause; and such failure was injurious to movants" is too general and incomplete to be considered. *Lewis* v. *State,* 76 *Ga. App.* 671, 673 (4) (47 S. E. 2d 199) ; *Stanley* v. *Chitwood,* 87 *Ga. App.* 38 (1) (73 S. E. 2d 40).

The court did not err in denying the amended motion for new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*

DECIDED JULY 8, 1958—REHEARING DENIED JULY 31, 1958.

*Elsie Griner, Edward Parrish,* for plaintiffs in error.

*H. W. Lott,* contra.

### ON MOTION FOR REHEARING.

The movants contend that in considering the case this court overlooked *Savannah Electric Co.* v. *Jackson,* 132 *Ga.* 559 (64 S. E. 680). That case is not authority for anything contrary to what has been held in the instant case. There the court nowhere charged the jury as to what constituted the issues or contentions between the parties and the charge consisted almost entirely of statements of abstract principles of law. The assignment of error in the special ground of the motion for new trial in that case was that the court "(1) did not state the contentions of the parties, and (2) did not give specially in charge various contentions claimed to arise out of the evidence." There the assignment of error specifically pointed out the alleged deficiency in the court's charge. Such is not the case here.

*Motion for rehearing denied.*