41944. WALKER v. THE STATE.

Submitted April 5, 1966—Decided April 14, 1966—
Rehearing denied April 25, 1966.

Casey Thigpen, for appellant.

Thomas A. Hutcheson, Solicitor, for appellee.

DEEN, Judge. █ The accusation charges the defendant Walker jointly with Willie Marion of larceny from the house. The defendants elected to sever; the co-defendant did not testify but was identified without objection by one of the State's witnesses under the name of Willie *Merritt,* and the court in instructing the jury referred without objection to the alleged accomplice by the name of Merritt. The variance was not made the subject of a plea of misnomer or otherwise called to the court's attention prior to conviction, and thus in any event has not been properly raised. *Pulliam v. Donaldson,* 140 Ga. 864 (1) (80 SE 315). Nor is there any showing, as there must be for a plea of misnomer to be good, that Merritt was never known under the name of Marion. ` *Stinchcomb v. State,* 119 Ga. 442 (46 SE 639). It was held in *Davenport v. State,* 38 Ga. 185, that the fact that the name of one jointly indicted with the defendant was given as Land, rather than Lance, which was his true name, was immaterial, apparently under the *idem sonans* doctrine. For all of these reasons there was no fatal variance between the allegata and the probata.

█ █ Two witnesses for the State had staged a stake-out in a pine woods on property of Green Acres Poultry Farm. From their respective positions they could see the back yard of one Willie Nelson, which was on the property, but did not have a view of the chicken house just behind it. The testimony reveals that two men drove up to the back yard and got out of an automobile, one of whom "looked like" the defendant according to one witness and "resembled him" according to the other, went down a path toward the chicken house and returned bearing three bags which he put in the back seat of the car along with three other bags which were brought up in a wheelbarrow and placed in the trunk. They drove the car over one

of the feed roads to the highway. A deputy sheriff stationed where he could observe the Nelson house received a call, saw the automobile enter the highway, followed it for a distance and then stopped it. He identified Walker and Merritt as being the two men in the car and found three bags of feed marked with the Green Acres stamp in the back seat and the other three bags in the trunk. So far as the identity of the men was concerned, the automobile being under surveillance from the time it was loaded until it was stopped, the fact that the occupants were the men who took the feed was well established.

■ The record fails to establish that the feed was inside the chicken house at the time it was stolen. If it was not, then the offense is simple larceny and not larceny from the house. However, since larceny is a compound felony, "a conviction of simple larceny may be had under an indictment charging larceny from the house" (*Fuller v. State*, 57 Ga. App. 809 (2) (197 SE 58)), and the evidence is sufficient to show that the property was wrongfully and fraudulently carried away by the defendant. *Blandford v. State,* 115 Ga. 824 (42 SE 207). Nor was it error for the court to charge that such asportation is a violation of law in the language of *Code* § 26-2602, which refers to simple larceny. The verdict and sentence were eliminated from the record to be sent to this court by the appellant, but from the notice of appeal itself it appears that he was convicted of larceny only. Since the property stolen was valued at less than $50, the crime is a misdemeanor in any event.

■ There were at least two eyewitnesses to the defendant's activities in procuring and carrying off the feed from the premises of the owner. Indubitably, the case did not depend entirely on circumstantial evidence, and it was not error in the absence of request to fail to charge that principle of law.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*