73160. NOESKE v. THE STATE.
(353 SE2d 635)

Beasley, Judge.

The appeal is from convictions for driving while license suspended (OCGA § 40-5-121) and speeding (OCGA § 40-6-181) and from the denial of a motion for new trial.

1. Appellant maintains that he could not have been convicted under OCGA § 40-5-121 because he had been declared a habitual violator and thus came within the exception in subsection (a).

Noeske was originally charged under the habitual violator statute, OCGA § 40-5-58. At a preliminary hearing it was determined that the state could not prove that he received the requisite notice which is an element of that statutory crime. Consequently, the charge was reduced to a violation of OCGA § 40-5-121, and defendant was tried

and convicted on an accusation.

He moved for a directed verdict on the ground raised here, both at the end of the state's case and at the close of the evidence. The evidence was that Noeske stated to the officer at the time of his arrest that his license was "suspended"; his DPS driving record showed he had been declared a habitual violator; and it further showed that he had surrendered his license some time later.

It is a misdemeanor for one to drive while his license is suspended or revoked. OCGA § 40-5-121. But if, pursuant to OCGA § 40-5-58, the license of the driver had been revoked because he was a habitual violator, then it is considered a more serious offense and constitutes a felony. That is the meaning of the exception contained in subsection (a) of § 121.

For such a revocation to be effected, the statute requires that the licensee receive notice of his status from DPS. OCGA § 40-5-58 (b). Here the state was unable to prove that the notice was received, and thus it proceeded only to charge the misdemeanor offense, which did not require such proof. Having brought about the reduction of the charge, defendant cannot now complain that the evidence shows the greater offense and thus relieves him of the lesser. See *Ward v. State*, 175 Ga. App. 410 (2) (333 SE2d 669) (1985); *Gainous v. State*, 171 Ga. App. 157, 158 (3) (319 SE2d 62) (1984).

Moreover, the evidence did not establish the greater offense because, although it showed the declaration of habitual violator and the surrender of license some time later, it did not show that Noeske had notice that he had the legal status of habitual violator. Even if he admitted notice, the state would not be bound to charge him with a Section 58 felony and precluded from charging him with a Section 121 misdemeanor. "The decision of whether to prosecute and what charges to file are decisions that rest in the prosecutor's discretion. [Cit.]" *George v. State*, 175 Ga. App. 229, 230 (2) (333 SE2d 141) (1985).

The only question in terms of the motions for directed verdict and the enumeration on appeal is whether there was sufficient evidence to support the verdict. OCGA § 17-9-1; *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). Defendant's own uncontroverted admission is assurance that there was.

2. Noeske also contends that he could not have been convicted under count two of the accusation charging speeding as it was null and void because that count mistakenly named the prosecuting law enforcement officer as the perpetrator of the offense.

The error was discovered following submission of the case to the jury when it presented the written question to the court: "In the wording of Count 2, it seems as though the accused is Jesse Prather and not Brian Noeske. Is this a result of mistyping or is it a misun-

derstanding on our part?" The state argued to the court that it was merely a "clerical error" and that "the evidence would collapse into the pleadings . . ."; the defense countered with a motion for mistrial based on the faulty accusation. The court refused to grant a mistrial having instructed the jury that Noeske was charged in both counts one and two of the accusation and that the insertion of Prather's name was a typographical error.

The state still argues that the mistake in the accusation was merely a clerical error and also that defendant's objection was made too late because he waived any objections to the form of the accusation by failing to raise the issue before proceeding to trial.

We begin with the proposition that "[a] trial court has broad discretion in ruling on a motion for a mistrial, and this court will not disturb such a ruling in the absence of a manifest abuse of discretion, and granting a mistrial is essential to preserve a defendant's right to a fair trial. [Cit.]" *Pittman v. State*, 172 Ga. App. 22, 23 (2) (a) (322 SE2d 71) (1984).

We decline to accept the state's characterization of the faulty language as nothing more than a harmless clerical error, for while it is unfortunately plausible that the error was the result of inadvertence or carelessness, we can think of nothing more basic which should be properly charged in an accusation or indictment than the name of the alleged perpetrator. Moreover, our Supreme Court has determined that in a situation similar to the one at bar, "[t]he surname of the defendant must be alleged in the charging part of the accusation, and its omission therefrom is fatal to the accusation or indictment." *Culpepper v. State*, 173 Ga. 799, 800 (161 SE 623) (1931). According to *Culpepper*, this is so notwithstanding the clear inference from the record even when insertion of the prosecutor's name is inadvertent. Therefore we must conclude that the trial court abused its discretion in refusing to grant a mistrial as to the defective count in the accusation; defendant's conviction for speeding cannot stand.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 13, 1987.

*Howard T. Scott*, for appellant.
*Ken Stula, Solicitor*, for appellee.