**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**December 13, 2013**

# In the Court of Appeals of Georgia

A13A1867. THORNTON v. THE STATE.

MILLER, Judge.

Latoya Thornton was charged by accusation with the offense of simple battery. Thornton filed a general demurrer and motion to quash the accusation on the ground that the indictment was fatally defective since it charged "Latoia Jordan," a person not known to Thornton. The trial court denied Thornton's motion, concluding the accusation was not rendered defective due to a fatal variance because it charged her as the perpetrator by use of an alias, which constituted a permissible misnomer. This Court granted Thornton's application for interlocutory appeal. On appeal, Thornton contends the accusation should have been quashed because it charged her with a name by which she is not known. For the reasons that follow, we affirm.

The record shows that in February 2006, Thornton was arrested on the charge of simple battery and transported to the Fulton County Jail, where she was booked under the name "Latoia Jordan." Thornton admitted that between 2005 and 2012, she had been arrested and transported to the Fulton County Jail at least three times, and each time she was processed under the name Latoia Jordan. Thornton stated that her date of birth was February 7, 1974, and this matched the information on the booking sheet for Latoia Jordan. Following her arrest, Thornton was released on bond.

The State charged Thornton by accusation in January 2008. The accusation – Case No. 08CR329759 – listed the name Latoia Jordan. In August 2008, the trial court forfeited Latoia Jordan's bond due to her failure to appear and ordered an execution hearing. The trial court subsequently entered an order relieving the surety of liability, and in its order, the trial court specifically listed Latoia Jordan's alias as Latoya Thornton.

In September 2012, Thornton signed a waiver for formal arraignment in this case – the January 2008 accusation filed against Latoia Jordan. She then filed a general demurrer and motion to quash the accusation on the ground that it charged a person not known to Thornton. The trial court denied her motion, and this appeal ensued.

Thornton contends that the accusation is fatally defective because it charged by a name by which she is not known. We disagree.

Although styled as a general demurrer and motion to quash accusation, Thornton's motion in substance was a plea of misnomer. See *Miller v. State*, 264 Ga. App. 801, 803 (b) (592 SE2d 450) (2003) (noting that in reviewing filings, we look to substance over nomenclature). In a plea of misnomer, the defendant generally claims that she is not the person named in indictment or accusation, and that she is not known or called by the name of the accused. See OCGA § 17-7-112. "However, a defendant may be indicted [or charged by accusation] properly under a name by which [s]he is generally known and called, whether this be [her] true name or not." (Punctuation and footnote omitted.) *Vanorsdall v. State*, 241 Ga. App. 871, 876 (2) (d) (528 SE2d 312) (2000). Consequently, to sustain a plea of misnomer, the accused must show that she was never known under the name used in the accusation. See *Walker v. State*, 113 Ga. App. 526, 527 (1) (149 SE2d 153) (1966).

In this case, the record supports the trial court's decision that the accusation properly charged Thornton. Notably, Thornton admitted that she had been previously arrested and booked into jail under the name Latoia Jordan, and Jordan's listed date of birth matched that of Thornton. Additionally, Thornton signed a waiver of formal

3

arraignment in this case, which specifically listed her name as Jordan a/k/a "Thornton." Consequently, contrary to Thornton's claims, the evidence clearly shows that Jordan was another name by which Thornton was known.

In support of her argument, Thornton cites to *Culpepper v. State*, 173 Ga. 799 (161 SE2d 623) (1931) and *Noeske v. State*, 181 Ga. App. 778 (353 SE2d 635) (1987) and, but those cases are inapposite. Although *Culpepper* stated that omission of the defendant's surname constituted a fatal variance, the fatal defect in the accusation was that it did not designate the defendant by his own proper name *or misnomer* as the perpetrator of the offense charged. *Culpepper*, supra, 173 Ga. at 800. In *Noeske*, the accusation was fatally defective because it clearly charged someone other than the defendant. See *Noeske*, supra, 181 Ga. App. at 779-780 (2). The reason the accusations in *Culpepper* and *Noeske* were fatal was that they designated a distinct and separate person as the perpetrator of the offense. In this case, however, Thornton does not make a claim that she was not the person charged with simple battery for the underlying incident. Indeed, she admits to having been arrested for the offense and that she would be able to defend herself against the pending charges. Rather, her claim is that she was accused under the wrong name, but this is insufficient to carry her burden to sustain a plea of misnomer because the evidence shows that she was

4

known by Latoia Jordan. See *Walker*, supra, 113 Ga. App. at 527 (1). Moreover, notice provided by use of an alias or other name by which a defendant is known is constitutionally sufficient. *State v. Grube*, 293 Ga. 257, 261 (2) (744 SE2d 1) (2013). Accordingly, we affirm the trial court's denial of Thornton's general demurrer and motion to quash accusation.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*